IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>AN EASEMENT TO CONSTRUCT, OPERATE )<br>AND MAINTAIN A 24-INCH GAS )<br>TRANSMISSION PIPELINE ACROSS )<br>PROPERTIES IN CHESTER COUNTY, )<br>PENNSYLVANIA, OWNED BY JAY PAR AND )<br>PAR ANBIL, ARCHBISHOP OF )<br>PHILADELPHIA, JOHN AND DANI BEST, )<br>SUDHIR K. AND ASHA BHATNAGAR, )<br>RICHARD J. AND VICTORIA S. CHANNELL, )<br>HARRY R. AND NICOLINA CHICOSKY, )<br>JOHN ALEXANDER CHURCHMAN, ROBIN D. )<br>AND SHERYL F. CREE, CARL K. AND )<br>MIRANDA B. CROFT, FRED V. AND CHERYL )<br>A. DIERS, ROMEO G. AND VIRGINIA M. )<br>DiLIBERO, SANDRA S. ECKLER, SAYED A. )<br>EL-TANTAWI, EDMUND AND CRISTA FORD, )<br>JOSEPH K. AND LISA J. GALLICK, GENERAL )<br>RESIDENTIAL HOLDINGS, INC., THE )<br>GLENMEDE TRUST COMPANY AND HARRIS )<br>C. ALLER, III, CO-TRUSTEES, HAROLD M. )<br>AND ROBERTA E. HARPER, III, DANIEL A. )<br>AND DONNA L. HEPNER, JOHN W. AND )<br>ELIZABETH L. HORIGAN, MICHAEL AND )<br>JOAN KELLY, ROBERT L.M. AND LINDA )<br>LANDENBERG, JEFFERY L. MARCH AND )<br>CAROLYN A. PIZAGNO, SCOTT R. AND )<br>KERSTIN R. MARCUM, FRANK T. AND )<br>ANNA K. MARINO, GREGORY J. MAURER )<br>AND TAMARA G. DAVIS, HERBERT J. AND )<br>HELEN M. McCORRY and HERITAGE )<br>COMMERCIAL GROUP, INC., LAWRENCE M. )<br>AND KAREN L. McDERMOTT, JR., STEVEN J. )<br>AND JOANNE S. McNAUGHTON, GREGORY )<br>G. AND C. ANN MILLER, ROBERT J. AND )<br>ETHEL J. MORRIS, GARY S. AND MARY M. )<br>PLANK, DOUGLAS B. AND DONNA G. )<br>PRICHARD, FRANK J. AND LINDA B. )<br>REDDON, FRANCISCO T. AND KATHLEEN )<br>D. RIVAS, STUART P. AND DEBORAH W. )<br>SULLIVAN, SEAN T. AND MARGARET F. )<br>SWEENEY, JOSEPH S. AND LINDA M. )<br>TRIGO, WILLIAM C. AND ALICE J. VACHE, )<br>III, EDWARD J. AND KAREN E. WALSH, )<br>WELSH AYRES JOINT COMMUNITY   ) | C.A. No. _____ |

| | |
|---|---|
| ASSOCIATION, RICHARD A. AND DEBRA L. WHITING, JR., DAVID N. AND HARRIET A. WHITTAKER, RICHARD P. AND MARGARET M. WHITTACKER, ANDREW M. AND SUSAN W. CASTALDI, LEE R. AND MARTHA M. WILLIAMS, RICHARD W. AND JO D. WORTHINGTON, LEON J. AND MAUREEN ZOLA, and UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

## COMPLAINT

Pursuant to the Natural Gas Act, 15 U.S.C. §§ 717-717(z) and Federal Rule of Civil Procedure 71A, the plaintiff, Columbia Gas Transmission Corporation ("Columbia"), files this Complaint to condemn pipeline easements over properties owned by the defendants (the "landowners"). Columbia already owns pipeline easements across the properties to be condemned and has owned, operated and maintained a 10-inch natural gas pipeline (Line 1896) across those properties for over 40 years. Pursuant to an order of the Federal Energy Regulatory Commission, Columbia intends to remove a segment of the existing 10-inch pipeline and replace it with a 24-inch pipeline. The larger pipeline is required as part of the Delaware Valley Energy Expansion Project which will provide new natural gas supplies needed to generate 800 megawatts of electric power for the region. Condemnation is necessary because Columbia has been unable to negotiate with the landowners mutually agreeable terms for easements permitting the installation, operation and maintenance of the 24-inch replacement pipeline. In support of its Complaint, Columbia states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the condemnation authority in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h) and federal question jurisdiction, 28 U.S.C. § 1331.

2. The landowners of the properties to be condemned contend that the value of the property interests condemned exceed $3,000.

3. Columbia has been unable to negotiate with the landowners mutually agreeable terms for the new easements.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). The properties to be condemned are located in this district.

## THE AUTHORITY TO CONDEMN

5. Columbia, a Delaware corporation with its principal place of business in Virginia, is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission ("FERC") under the Natural Gas Act. Columbia owns and operates a pipeline system to transport and store gas for its customers in Pennsylvania and other states. Columbia engages in the business of storing and transporting natural gas in interstate commerce for public uses and purposes.

6. Under the Natural Gas Act, Columbia has a duty to provide gas service to its customers. Columbia owns and operates the existing 10-inch pipeline, and is authorized to construct, operate and maintain the proposed 24-inch replacement pipeline pursuant to a FERC certificate of public convenience and necessity. A copy of the FERC Order issuing the certificate of public convenience and necessity is attached as Exhibit A.

7. Pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Columbia has the right to condemn the easements across the properties at issue here in order to replace the 10-inch pipeline with a 24-inch pipeline.

## THE EASEMENTS TO BE TAKEN

8. The easements to be taken include a temporary construction easement and right-of-way (including temporary staging areas) for the construction, repair or replacement of a 24-inch pipeline and appurtenant facilities, including but not limited to cathodic protection, hydrate removal systems and data acquisition facilities for the transportation of natural gas, with associated fluids, and a permanent and exclusive easement and right-of-way to operate, maintain, replace, repair, remove or abandon the pipeline and appurtenant equipment from the properties at issue here, with ingress to and egress from the right-of-way area by means of existing or future roads and other reasonable routes on the premises and on landowners' adjoining lands.

9. The pipeline, except for risers, valves, drips, hydrate removal systems and other appurtenances reasonably required, shall be buried so as not to interfere with the cultivation of the land. The landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct Columbia's rights described in this Complaint. Unless they obtain the prior written consent of Columbia, the landowners shall not: (a) change the depth of cover over the permanent right-of-way area as defined above of any installed pipeline; (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, concrete pads or sidewalks, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, paved roads or passage ways or the like on or over the permanent right-of-way area of any installed pipeline; and (c) store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over the right-of-way area,

-5-

nor permit the right-of-way area to be covered by standing water, except in the course of normal seasonal irrigation.

10. The landowners affected by this condemnation are identified in the chart attached as Exhibit B.

11. The drawings attached as Exhibit C show the current and proposed location of Line 1896 in relation to each property at issue and the extent of the temporary construction easement and permanent exclusive easement taken on each property.

12. Other than to accommodate the necessary changes described above, Columbia does not waive any of its rights under any existing agreements or leases with the landowners.

### THE PROPERTY OWNERS

13. After a reasonably diligent search of public records, the persons having or claiming interests in the land subject to the easements to be condemned are identified in the chart attached as Exhibit B.

### OTHERS WHO MAY CLAIM AN INTEREST

14. There may be other persons who may claim an interest in the properties to be condemned whose names are unknown to Columbia because they could not be learned by diligent inquiry. These persons have been made parties to this action as permitted by Rule 71A of the Federal Rules of Civil Procedure.

-6-

WHEREFORE, Columbia requests that it be granted the easements described above across the defendants' properties.

REED SMITH LLP

Date: June ____, 2002

_____
Thomas J. McGarrigle
Pa. I.D. No. 27868

2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301

Kevin C. Abbott
Pa. I.D. No. 35734
Nicolle R. Snyder Bagnell
Pa. I.D. No. 87936

435 Sixth Avenue
Pittsburgh, PA  15219
(412) 288-3804

Attorneys for Plaintiff
Columbia Gas Transmission Corporation