IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY PAR AND PARTHASARARTHY ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES,<br><br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 02-CV-3733<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR IMMEDIATE ACCESS AND POSSESSION OF
EASEMENTS CONDEMNED FOR PIPELINE REPLACEMENT**

The plaintiff, Columbia Gas Transmission Corporation ("Columbia"), commenced this condemnation action in order to condemn pipeline easements necessary for the Delaware Valley Energy Expansion Project ("Project") which will provide new natural gas supplies needed to generate 800 megawatts of electric power for this region. In order to implement the Project as ordered by the Federal Energy Regulatory Commission ("FERC") on May 17, 2002, Columbia must replace a segment of its existing Line 1896 with a larger pipeline. In order to meet its construction schedule and have Line 1896 back in service before the winter heating season begins, Columbia plans to begin work on Line 1896 by August 15, 2002 and complete work in mid-November. Because there is no dispute as to Columbia's right to condemn the easements and the defendants' right to just compensation will not be affected, Columbia moves for immediate access to and possession of the easements. In support of its Motion, Columbia states as follows:

    1.    On May 17, 2002, FERC issued an Order granting to Columbia a certificate of public convenience and necessity under the Natural Gas Act, 15 U.S.C. § 717-717z,

approving the Project.  In Re Columbia Gas Transmission Corp., Docket No. CP01-439-000, 99 FERC ¶ 61,190.  **A copy of the FERC Order is attached as Exhibit A.**

2.  Part of the Project, as approved by FERC, requires Columbia to replace a segment of its 10-inch gas transmission pipeline known as Line 1896 with a 24-inch pipeline.  **Ex. A. at 2 and 27.**  FERC has ordered that the construction authorized by its May 17, 2002 Order must be completed within one year.  **Id. at 27**.

3.  Although the new segment of Line 1896 will be placed in the same location as the old segment, Columbia had to obtain new easements on certain properties where the existing easement agreements specified a 10-inch pipeline and did not explicitly grant Columbia the right to change the size of the pipeline.

4.  Columbia attempted to negotiate new easement agreements with all owners of the properties on which the affected segment of Line 1896 are located.  Columbia successfully negotiated new easements with the owners of 88 of the properties for which Columbia did not already own the right to change the size of the pipeline.  **See Declaration of Thomas Scott Collier ("Collier Declaration"), attached as Exhibit B, at ¶ 6.**

5.  As to those landowners who would not agree to Columbia's offer to pay for a new easement, Columbia initiated this condemnation action pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h) and Fed.R.Civ.P. 71A.

6.  There is no dispute as to Columbia's authority to condemn the easements necessary for replacing the segment of Line 1896.  The only issue to be tried in this action is the amount of just compensation due to the landowners.

7.  Columbia requires immediate access to and possession of the pipeline easements in order to meet its construction schedule and implement the Project as ordered by FERC.  **Collier Declaration at ¶ 3-5, 8-10.**

8.      Columbia's construction schedule requires access to the easements by August 15, 2002.  The construction will take approximately three months.  Although the construction activities and time required on each property will vary from property to property, the basic construction plan is to remove the existing 10-inch pipeline and install the new 24-inch pipeline in the same ditch.  Line 1896 will be taken out of service during the construction.  In order to meet its obligations to its existing customers, Columbia needs to begin construction by August 15, 2002 so that it can complete construction before the winter heating season begins in mid-November.  The only way for Columbia to meet FERC's deadline of May 17, 2003, meet its obligations under the Project, and keep Line 1896 in service during the winter heating seasons is to begin work by August 15, 2002.  **Collier Declaration at ¶ 4-5.**

9.      Columbia will suffer substantial harm if it is unable to meet its construction schedule.  A delay in construction on Line 1896 will delay the entire Project and could prevent Columbia from meeting its contractual obligations to provide new gas supplies to its customer in this region.  Moreover, any delay in construction will endanger Columbia's ability to transport gas to its existing customers during the winter heating season.  **Collier Declaration at ¶ 11.**

10.     The public will also suffer substantial harm if Columbia is unable to meet its construction schedule because there is a strong public interest in receiving additional sources of clean and reliable energy, and in creating the new jobs that will be available at the new plant.  There is also a strong public interest in having the replacement work done before the beginning of the winter heating season so that Line 1896 will be available to transport gas to its existing customers during this winter.  **Collier Declaration at ¶ 12.**

11.     The landowners affected by the condemnation will not suffer any harm by the grant of immediate access to and possession of the easements to allow replacement of the existing pipeline with a new pipeline.  **Collier Declaration at ¶ 13.**  As noted by FERC, all of

the properties affected are already burdened by pipeline easements which allow for the operation, maintenance and replacement of a 10-inch pipeline and many of the properties at issue are further burdened by a second high-pressure pipeline.  **See Ex. A at 25,** (FERC noted that "the replacement pipelines should not affect resale value since two pipelines already exist on the property and Columbia has no plans to add pipelines.")  The increase in the size of the pipeline does not increase the burden on the property -- the new segment of Line 1896 will be buried underground in approximately the same location as the old pipeline.  Granting immediate access will not affect the landowners' right to receive just compensation.  **Collier Declaration at ¶ 13.**

12. Columbia is prepared to post a bond equal to its estimate of the just compensation due to the landowners.

WHEREFORE, for the reasons stated in this Motion and the accompanying Memorandum of Law, Columbia moves for entry of the attached Order granting immediate access to and possession of the easements condemned in this action.

REED SMITH LLP

Date: _____

Thomas J. McGarrigle
Pa. I.D. No. 27868

2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301

Kevin C. Abbott
Pa. I.D. No. 35734
Nicolle R. Snyder Bagnell
Pa. I.D. No. 87936

435 Sixth Avenue
Pittsburgh, PA  15219
(412) 288-3804

Attorneys for Plaintiff
Columbia Gas Transmission Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | ) ) ) |
| Plaintiff, | ) ) C.A. No. 02-CV-3733 |
| v. | ) ) ) |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY PAR AND PARTHASARARTHY ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of plaintiff's MOTION FOR IMMEDIATE ACCESS AND POSSESSION OF EASEMENTS CONDEMNED FOR PIPELINE REPLACEMENT, it is hereby ORDERED that the motion is granted. Immediate access and possession of the property condemned, as described in the Complaint and as depicted on the plans attached to the Complaint as Exhibit C, is granted to the plaintiff, conditioned upon the plaintiff posting a bond in the amount of $_____. The plaintiff may proceed with replacement of the existing pipeline and operation and maintenance of the new pipeline along the easement and right-of-way described in the Complaint and depicted on the plans attached to the Complaint as Exhibit C.

BY THE COURT:

_____
LOWELL A. REED, JR., S.J.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served by first class mail, postage prepaid, upon the following:

Francis M. Correll, Jr.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street
Suite 400
Philadelphia, PA  19102
Counsel for:  Richard J. and Victoria S. Channell; Edmund and Crista Ford; Joseph K. and Lisa J. Gallick; Michael and Joan Kelly; Jeffrey L. and Carolyn A. Pizagno March; Stuart P. and Deborah W. Sullivan; Sean T. and Margaret F. Sweeney, Lee R. and Martha M. Williams


Michael Sacks
Hamburg & Golden, P.C.
1601 Market Street
Philadelphia, PA  19103
Counsel for: John Alexander Churchman


H. Michael Cohen
144 West Market Street
West Chester, PA 19382
Counsel for: Herbert J. McCorry


Kevin R. Boyle
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA  19355
Counsel for:  Archbishop of Philadelphia


Robert Michael Firkser
Del Sordo & Firkser
333 West Baltimore Pike
P.O. Box 606
Media, PA  19063
Counsel for:  Par and Jay Par Anbil


Peter A. Mardinly
Paul, Mardinly, Durham, James, Flandreau & Rodger
320 West Front Street, Box D
Media, PA  19063
Counsel for: Lawrence M. and Karen L. McDermott, Jr.

James T. Owens
25 South Church Street
West Chester, PA  19382-3220
Counsel for: William C. and Alice J. Vache, III; Richard A. and Debra L. Whiting, Jr.


Mary Ann Rossi
MacElree Harvey, Ltd.
740 Springdale Road
Suite 100
Exton, PA  19341
Counsel for: John W. and Elizabeth L. Horigan


Scott E. Yaw
20 Mystic Lane
Malvern, PA  19355
Counsel for: Scott R. and Kerstin R. Marcum


John & Dani Best
900 Jessica Terrace
Downingtown, PA  19335


Sudhir K. and Asha Bhatnagar
904 Victoria Court
Downingtown, PA  19335


Fred V. and Cheryl A. Diers
902 Jessica Terrace
Downingtown, PA  19335


Sayed A. El-Tantawi
127 Governs Circle
Downingtown, PA  19335


Glenmede Trust Company
4 Cambridge Road
Downingtown, PA  19335


Harris C. Aller, III
4 Cambridge Road
Downingtown, PA  19335


Harold M. and Roberta E. Harper
1 Buckingham Drive
Uwchland, PA  19480

Heritage Commercial Group, Inc.
3326 Old York Road
Suite A-100
Furlong, PA  18925


Robert L.M. and Linda Landenberg
4 Dowlin Forge Road
Downingtown, PA  19335


Frank T. and Anna K. Marino
104 Linda Circle
Downingtown, PA  19335


Heritage Commercial Group
3326 Old York Road
Suite A-100
Furlong, PA  18925


Steven J. and Joanne S. McNaughton
280 Moore Road
Downingtown, PA  19335


Gregory G. and C. Ann Miller
906 Jessica Terrace
Downingtown, PA  19335


Gary S. and Mary M. Plank
100 Linda Circle
Downingtown, PA  19335


Douglas B. and Donna G. Prichard
904 Jessica Terrace
Downingtown, PA  19335


Frank J. and Linda B. Reddon
21 Turnstone Way
Downingtown, PA  19335


Francisco T. and Kathleen D. Rivas
3 Dowlin Forge Road
Downingtown, PA  19335

Edward J. and Karen E. Walsh
24 Joseph Court
Downingtown, PA  19335


Welsh Ayres Joint Community Association
c/o Paul Rubino, President
129 Longfields Way
Downingtown, PA  19335


David N. and Harriet A. Whittaker
413 Newcomen Court
Exton, PA  19341


Richard P. and Margaret M. Whittaker
1300 Beaumont Lane
Pottstown, PA  19464


Andrew M. and Susan W. Castaldi
c/o Walter Bryer Real Estate
431 Kinberkamuck
Orabell, NJ  07649




Date: _____          _____