IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION,<br>                         Plaintiff<br>             v.<br>AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY PAR AND PARTHASARARTHY ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES,<br>                         Defendants | C.A. NO. 02-CV-3733 |

**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF SCOTT R. AND KERSTIN R. MARCUM WITH DEMAND FOR JURY TRIAL**

Defendants Scott R. and Kerstin R. Marcum ("Marcums"), by their counsel, hereby file this Answer with Affirmative Defenses and Counterclaim and state as follows:

1.    The allegations of this paragraph are conclusions of law to which no response is required.

2.    Denied as stated. The Marcums are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and the same are therefore denied. The Marcums admit that the value of their property interests for their property located at 5014 Deer Drive, Downingtown, Pennsylvania ("Property"), exceeds $3,000.

3.    Denied. The Marcums are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the same are denied. It is admitted Plaintiff Columbia Gas Transmission Corp. ("Columbia") and the Marcums have been unable to negotiate mutually agreeable terms for the new easement across the Property.

4. The allegations of this paragraph are conclusions of law to which no response is required.

5. Admitted.

6. Denied as stated. Whether Columbia has a duty to provide gas service is a conclusion of law to which no response is required. It is admitted Columbia owns an existing 10-inch pipeline which crosses, among other places, the Property. It is admitted the Federal Energy Regulatory Commission ("FERC") issued the order, attached as Exhibit "A", on May 17, 2002 ("May 17th Order"). Pursuant to the May 17th Order, the instant condemnation is subject to certain conditions and representations made by Columbia with respect to the new easement over the Marcums' Property.

7. The allegations of this paragraph are conclusions of law to which no response is required.

8. Denied as stated. It is admitted Columbia intends to take temporary construction easements and permanent easements.

9. The Marcums are without knowledge or information sufficient to form a belief as to the averments of this paragraph. Further, whether landowners may use and enjoy their premises or are required to obtain consent of Columbia are conclusions of law to which no response is required.

10. The Marcums are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and the same are denied. It is admitted the Property of the Marcums is affected by this action.

11. The Marcums are without knowledge or information sufficient to form a belief as to the current and proposed location of line 1896 in relation to all of the properties at issue in this case

and the extent of the temporary construction easements and permanent exclusive easements taken on each particular property. With respect to the Marcums' Property, the drawing attached to the Complaint does not comply with the May 17th Order of FERC issuing the certificate of public convenience and granting abandonment authority. Specifically, on March 22, 2002, in response to a data request from FERC, Columbia stated that it had reduced its permanent right-of-way width from 50 feet to 40 feet near the Marcums' home. Under the May 17th Order of FERC, Columbia is to revise and file maps showing the location of its permanent right-of-way. The drawing that pertains to the Property of the Marcums, which was attached as Exhibit "C", was last revised on January 30, 2002, but clearly not after Columbia provided information to FERC, noted above, and advised FERC that it would submit revised maps showing its 40-foot permanent right-of-way on the Marcums' Property.

12. The allegations of this paragraph are conclusions of law to which no response is required.

13. The Marcums are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. It is admitted that the Marcums claim an interest in the Property.

14. The Marcums are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. It is admitted that the Marcums claim an interest in the Property.

WHEREFORE, Scott and Kerstin Marcum demand judgment in their favor or, alternatively, judgment that any easement to be taken across the Property at 5014 Deer Drive, Downingtown,

Pennsylvania, shall comply in all respects to the May 17th, 2002 order issued by the Federal Energy Regulatory Commission.

### **AFFIRMATIVE DEFENSES**

1. The Marcums incorporate by reference their responses to paragraphs nos. 1 through 14, above, as if set forth at length herein.

2. Columbia has not prepared, nor filed, a map showing its 40-foot permanent right-of-way near the Marcums' home as it represented to FERC on March 22, 2002.

3. The May 17th Order of FERC, issuing the certificate of public convenience and necessity, states that Columbia's permanent right-of-way is to be 40-feet near the Marcums' home and that Columbia is to revise and file maps showing its permanent right-of-way.

4. Columbia has not revised and filed a map showing a 40-foot permanent right-of-way near the Marcums' home; rather, the map attached to the service copy of the Complaint received by the Marcums was last revised on January 30, 2002, or before March 22, 2002.

5. Columbia Transmission Communications Corporation has laid a fiber optic cable approximately 10 feet to the west of the existing 10-inch gas pipeline thereby making it impractical, if not impossible, for Columbia to use any portion of the property to the west of the fiber optic cable, up to the Marcums' home located on the Property, for installation or maintenance of the proposed 24-inch gas line.

**FIRST AFFIRMATIVE DEFENSE**

6. Columbia's claims, as set forth in its Complaint, are barred by the doctrines of estoppel and/or waiver.

**SECOND AFFIRMATIVE DEFENSE**

7. Columbia's request for the granting of an easement across the Marcums' Property, as described in the drawing attached to the service copy of the Complaint received by the Marcums, is not consistent with, and is beyond the scope of, the easement across the Marcums' Property described in the May 17th Order of FERC.

**THIRD AFFIRMATIVE DEFENSE**

8. Columbia requests the granting of an easement across the Marcums' Property which is different from the permanent right-of-way across the Marcums' Property approved by FERC, as set forth in the May 17th Order.

**FOURTH AFFIRMATIVE DEFENSE**

9. Columbia's claims, as set forth in the Complaint, are barred by the doctrines of impossibility and/or impracticability of performance.

WHEREFORE, Defendants Scott and Kerstin Marcum demand judgment in their favor or, alternatively, judgment that any easement to be taken across the Property at 5014 Deer Drive, Downingtown, Pennsylvania, shall comply in all respect to the May 17th, 2002 order issued by the Federal Energy Regulatory Commission.

## COUNTERCLAIM OF DEFENDANTS SCOTT AND KERSTIN MARCUM
## v. PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATION
## FOR DECLARATORY RELIEF

1.  The Marcums incorporate by reference their responses to paragraphs nos. 1 through 14 of the Complaint, above, and paragraphs nos. 1 through 9 of their affirmative defenses, above, as if set forth at length herein.

2.  Plaintiffs on the counterclaim are the Marcums.

3.  Defendant on the counterclaim is Columbia.

4.  The Marcums assert this counterclaim for declaratory relief pursuant to 28 U.S.C. §2201 and Fed. R. Civ. R. 57. Alternatively, the Marcums assert this request for declaratory relief as a state law claim under Pennsylvania's Declaratory Judgments Act, 42 Pa.C.S. §7531, et seq.

5.  Pursuant to the May 17th Order of FERC, Columbia agreed that it will have permanent right-of-way of 40-feet in width near the Marcums' home. See Exhibit "A" to Plaintiff's Complaint at p. 25. FERC required Columbia to revise and file maps after March 22, 2002 showing its permanent right-of-way.

6.  By way of the relief requested in its Complaint, Plaintiff is not seeking the easement permitted by FERC, in its May 17th Order, with regard to the Marcums' Property but is instead seeking an easement based on a drawing last revised on January 30, 2002.

7.  An actual, justiciable controversy exists between the Marcums and Columbia as a result of the dispute between them with respect to the width and location of the easement on the Marcums' property.

WHEREFORE, Scott and Kerstin Marcum request that this Honorable Court enter judgment (1) declaring that the permanent right-of-way of Columbia Gas Transmission Corp. is 40 feet in

width near the Marcums' home; (2) ordering Columbia to prepare revised maps showing said right-of-way; and (3) ordering such additional relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

To the extent available under applicable law, the Marcums demand a trial by jury on the issue of just compensation.

        LENTZ, CANTOR & MASSEY, LTD.

BY: _____
Robert W. Lentz, Esquire
Scott E. Yaw, Esquire
PA ID Nos. 04927/60343
20 Mystic Lane, Chester County Commons
Malvern, PA  19355
(610) 722-5800
Attorneys for Defendants Scott and Kerstin Marcum

Date:  July 8, 2002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served by first class mail, postage prepaid, upon the following:

Kevin C. Abbott
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Attorney for Plaintiff Columbia Gas Transmission Corporation

Francis M. Correll, Jr.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street, Suite 400
Philadelphia, P A 19102
Counsel for: Richard J. and Victoria S. Channell; Edmund and Crista Ford; Joseph K. and Lisa J. Gallick; Michael and Joan Kelly; Jeffrey L. and Carolyn A. Pizagno March; Stuart P. and Deborah W. Sullivan; Sean T. and Margaret F. Sweeney, Lee R. and Martha M. Williams

Michael Sacks
Hamburg & Golden, P .C.
1601 Market Street
Philadelphia, P A 19103
Counsel for: John Alexander Churchman

H. Michael Cohen
144 West Market Street
West Chester, PA 19382
Counsel for: Herbert J. McCorry

Kevin R. Boyle
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA 19355
Counsel for: Archbishop of Philadelphia

Robert Michael Firkser
Del Sordo & Firkser
333 West Baltimore Pike
P.O. Box 606
Media, PA 19063
Counsel for: Par and Jay Par Anbil

Peter A. Mardinly
Paul, Mardinly, Durham, James, Flandreau & Rodger
320 West Front Street, Box D
Media, PA 19063
Counsel for: Lawrence M. and Karen L. McDermott, Jr.

James T. Owens
25 South Church Street
West Chester, PA 19382-3220
Counsel for: William C. and Alice J. Vache, III; Richard A. and Debra L. Whiting, Jr.

Mary Ann Rossi
MacElree Harvey, Ltd.
740 Springdale Road, Suite 100
Exton, PA 19341
Counsel for: John W. and Elizabeth L. Horigan

John & Dani Best
900 Jessica Terrace
Downingtown, PA 19335

Sudhir K. and Asha Bhatnagar
904 Victoria Court
Downingtown, PA 19335

Fred V. and Cheryl A. Diers
902 Jessica Terrace
Downingtown, PA 19335

Sayed A. El- Tantawi
127 Governs Circle
Downingtown, PA 19335

Glenmede Trust Company
4 Cambridge Road
Downingtown, PA 19335

Harris C. Aller, III
4 Cambridge Road
Downingtown, PA 19335

Harold M. and Roberta E. Harper
1 Buckingham Drive
Uwchland, PA 19480

Heritage Commercial Group, Inc.
3326 Old York Road, Suite A-100
Furlong, PA 18925

Robert L.M. and Linda Landenberg
4 Dowlin Forge Road
Downingtown, PA 19335

Frank T. and Anna K. Marino
104 Linda Circle
Downingtown, PA 19335

Heritage Commercial Group
3326 Old York Road, Suite A-100
Furlong, PA 18925

Steven J. and Joanne S. McNaughton
280 Moore Road
Downingtown, PA 19335

Gregory G. and C. Ann Miller
906 Jessica Terrace
Downingtown, PA 19335

Gary S. and Mary M. Plank
100 Linda Circle
Downingtown, PA  19335

Frank J. and Linda B. Reddon
21 Turnstone Way
Downingtown, PA 19335

Francisco T. and Kathleen D. Rivas
3 Dowlin Forge Road
Downingtown, PA 19335

Edward J. and Karen E. Walsh
24 Joseph Court
Downingtown, PA 19335

Welsh Ayres Joint Community Association
c/o Paul Rubino, President
129 Longfields Way
Downingtown, PA 19335

David N. and Harriet A. Whittaker
413 Newcomen Court
Exton, PA 19341

Richard P. and Margaret M. Whittaker
1300 Beaumont Lane
Pottstown, PA 19464

Andrew M. and Susan W. Castaldi
c/o Walter Bryer Real Estate
431 Kinberkamuck
Orabell, NJ  07649

                        LENTZ, CANTOR & MASSEY, LTD.


BY:   _____
       Robert W. Lentz, Esquire
       Scott E. Yaw, Esquire
       PA ID Nos. 04927/60343
       20 Mystic Lane, Chester County Commons
       Malvern, PA  19355
       (610) 722-5800
       Attorneys for Defendants Scott and Kerstin Marcum

Date:  July 8, 2002