IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | : | |
| Plaintiff | : | |
| v. | : | |
| AN EASEMENT TO CONSTRUCT, | : | C.A. NO. 02-CV-3733 |
| OPERATE AND MAINTAIN A 24-INCH | : | |
| GAS TRANSMISSION PIPELINE ACROSS | : | |
| PROPERTIES IN CHESTER COUNTY, | : | |
| PENNSYLVANIA, OWNED BY PAR AND | : | |
| PARTHASARARTHY ANBIL, et al. and | : | |
| UNKNOWN PERSONS AND INTERESTED | : | |
| PARTIES, | : | |
| Defendants | : | |

### RESPONSE OF DEFENDANTS, SCOTT R. AND KERSTIN R. MARCUM, TO PLAINTIFF'S MOTION FOR IMMEDIATE ACCESS AND POSSESSION OF EASEMENTS CONDEMNED FOR PIPELINE REPLACEMENT

Defendants Scott R. and Kerstin R. Marcum ("Marcums"), by their undersigned counsel, hereby file this Response to Plaintiff's Motion for Immediate Access and Possession of Easements Condemned for Pipeline Replacement and state as follows:

1. Admitted.

2. Admitted. Answering further, the order of the Federal Energy Regulatory Commission ("FERC"), dated May 17, 2002 ("May 17th Order"), states, among other things, that Columbia has reduced its permanent right-of-way width from 50 feet to 40 feet near the home of the Marcums.

3. Whether Columbia had to obtain new easements on certain properties is a conclusion of law to which no further response is required.

4. The Marcums are without knowledge or information sufficient to form a belief as to whether Columbia attempted to negotiate new easement agreements with all of the property owners.

It is admitted Columbia did attempt to negotiate a new easement agreement with the Marcums; to date, the Marcums and Columbia have not reached an agreement with respect to the new easement.

5. Denied. The allegations of this paragraph are conclusions of law to which no further response is required.

6. Denied. As detailed in the Answer with Affirmative Defenses and Counterclaim filed by the Marcums on July 8, 2002, as to the property of the Marcums (at 5014 Deer Drive, Downingtown, Pennsylvania), Columbia is requesting the granting of an easement across the Marcums' property that is not consistent with, and is beyond the scope of, the easement across the Marcums' property described in the May 17th Order issued by FERC. It is admitted the issue of just compensation, as to the Marcums, is also outstanding and as yet unresolved.

7. The Marcums are without knowledge or information sufficient to form a belief as to whether Columbia requires immediate access and possession to meet its construction schedule and implement the Project. Further, at least in the Marcums' case, Columbia requests the granting of an easement across the Marcums' property which is different from the permanent right-of-way across the Marcums' property approved by FERC, as set forth in the May 17th Order.

8. The Marcums are without knowledge or information sufficient to form a belief as to whether Columbia requires immediate access and possession to meet its construction schedule and implement the Project. Further, at least in the Marcums' case, Columbia requests the granting of an easement across the Marcums' property which is different from the permanent right-of-way across the Marcums' property approved by FERC, as set forth in the May 17th Order.

9. The Marcums are without knowledge or information sufficient to form a belief as to whether Columbia requires immediate access and possession to meet its construction schedule and

implement the Project. Further, at least in the Marcums' case, Columbia requests the granting of an easement across the Marcums' property which is different from the permanent right-of-way across the Marcums' property approved by FERC, as set forth in the May 17th Order. Further, whether Columbia or anyone will suffer substantial harm is a conclusion of law to which no further response is required.

10. The Marcums are without knowledge or information sufficient to form a belief as to whether Columbia requires immediate access and possession to meet its construction schedule and implement the Project. Further, at least in the Marcums' case, Columbia requests the granting of an easement across the Marcums' property which is different from the permanent right-of-way across the Marcums' property approved by FERC, as set forth in the May 17th Order. Further, whether Columbia or anyone will suffer substantial harm is a conclusion of law to which no further response is required.

11. Denied. It is denied the Marcums will not suffer any harm by the grant of immediate access to and possession of the easement being sought by Columbia with respect to the Marcums' property. As set forth above and in the Answer, Affirmative Defenses and Counterclaim of the Marcums, Columbia apparently is seeking an easement that is not consistent with, and is beyond the scope of, the easement approved by FERC, in its May 17th Order, with respect to the Marcums' property. The Marcums are without knowledge or information sufficient to form a belief as to whether any other landowner will suffer any harm by the grant of immediate access to and possession of the requested easements on the properties of others. It is admitted the 10-inch pipeline runs across the Marcums' property. It is denied that the taking will not affect the resale value of the Marcums' property. To the contrary, if Columbia clears all of the trees on the eastern border of the

Marcums' property, as is has represented it intends to do, among other things, the resale value of the Marcums' property will be impacted. Finally, the Marcums are without knowledge or information sufficient to form a belief as to whether Columbia plans to add additional pipelines.

12. Denied. Columbia should be required to post a bond in excess of its estimate of just compensation due to all of the landowners. With respect to the Marcums, it is believed that the estimated just compensation is far below the true measure of just compensation due to the Marcums as a result of the taking of the new easement (and the associated work to be performed in connection therewith).

WHEREFORE, Defendants Scott and Kerstin Marcum respectfully request that this Honorable Court enter an order denying the Plaintiff's Motion for Immediate Access and Possession of the Easements Condemned for Pipeline Replacement filed by Plaintiff or, alternatively, if this Honorable Court grants immediate access, then restrict Columbia's access rights to the temporary construction easements and permanent construction easements approved by FERC in FERC's order of May 17, 2002.

          Respectfully submitted,

          LENTZ, CANTOR & MASSEY, LTD.

          BY: _____
                 Robert W. Lentz, Esquire
                 Scott E. Yaw, Esquire
                 PA ID Nos. 04927/60343
                 20 Mystic Lane, Chester County Commons
                 Malvern, PA  19355
                 (610) 722-5800
                 Attorneys for Defendants Scott and Kerstin Marcum

Date:  July 12, 2002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served by first class mail, postage prepaid, upon the following:

Kevin C. Abbott
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Attorney for Plaintiff Columbia Gas Transmission Corporation

Francis M. Correll, Jr.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street, Suite 400
Philadelphia, P A 19102
Counsel for: Richard J. and Victoria S. Channell; Edmund and Crista Ford; Joseph K. and Lisa J. Gallick; Michael and Joan Kelly; Jeffrey L. and Carolyn A. Pizagno March; Stuart P. and Deborah W. Sullivan; Sean T. and Margaret F. Sweeney, Lee R. and Martha M. Williams

Michael Sacks
Hamburg & Golden, P .C.
1601 Market Street
Philadelphia, P A 19103
Counsel for: John Alexander Churchman

H. Michael Cohen
144 West Market Street
West Chester, PA 19382
Counsel for: Herbert J. McCorry

Kevin R. Boyle
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA 19355
Counsel for: Archbishop of Philadelphia

Robert Michael Firkser
Del Sordo & Firkser
333 West Baltimore Pike
P.O. Box 606
Media, PA 19063
Counsel for: Par and Jay Par Anbil

James T. Owens
25 South Church Street
West Chester, PA 19382-3220
Counsel for: William C. and Alice J. Vache, III; Richard A. and Debra L. Whiting, Jr.

Mary Ann Rossi
MacElree Harvey, Ltd.
740 Springdale Road, Suite 100
Exton, PA 19341
Counsel for: John W. and Elizabeth L. Horigan and Frank J. and Linda B. Reddon

John & Dani Best
900 Jessica Terrace
Downingtown, PA 19335

Sudhir K. and Asha Bhatnagar
904 Victoria Court
Downingtown, PA 19335

Fred V. and Cheryl A. Diers
902 Jessica Terrace
Downingtown, PA 19335

Glenmede Trust Company
4 Cambridge Road
Downingtown, PA 19335

Harris C. Aller, III
4 Cambridge Road
Downingtown, PA 19335

Harold M. and Roberta E. Harper
1 Buckingham Drive
Uwchland, PA 19480

Robert L.M. and Linda Landenberg
4 Dowlin Forge Road
Downingtown, PA 19335

Frank T. and Anna K. Marino
104 Linda Circle
Downingtown, PA 19335

Heritage Commercial Group
3326 Old York Road, Suite A-100
Furlong, PA 18925

Steven J. and Joanne S. McNaughton
280 Moore Road
Downingtown, PA 19335

Gary S. and Mary M. Plank
100 Linda Circle
Downingtown, PA  19335

Douglas B. and Donna G. Prichard
904 Jessica Terrace
Downingtown, PA 19335

Francisco T. and Kathleen D. Rivas
3 Dowlin Forge Road
Downingtown, PA 19335

Edward J. and Karen E. Walsh
24 Joseph Court
Downingtown, PA 19335

Welsh Ayres Joint Community Association
c/o Paul Rubino, President
129 Longfields Way
Downingtown, PA 19335

David N. and Harriet A. Whittaker
413 Newcomen Court
Exton, PA 19341

Richard P. and Margaret M. Whittaker
1300 Beaumont Lane
Pottstown, PA 19464

Andrew M. and Susan W. Castaldi
c/o Walter Bryer Real Estate
431 Kinberkamuck
Orabell, NJ 07649

        LENTZ, CANTOR & MASSEY, LTD.

        BY: _____
             Robert W. Lentz, Esquire
             Scott E. Yaw, Esquire
             PA ID Nos. 04927/60343
             20 Mystic Lane, Chester County Commons
             Malvern, PA 19355
             (610) 722-5800
             Attorneys for Defendants Scott and Kerstin Marcum

Date: July ____, 2002