IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, : <br> Plaintiff : <br> v. : <br> AN EASEMENT TO CONSTRUCT, : <br> OPERATE AND MAINTAIN A 24-INCH : <br> GAS TRANSMISSION PIPELINE ACROSS : <br> PROPERTIES IN CHESTER COUNTY, : <br> PENNSYLVANIA, OWNED BY PAR AND : <br> PARTHASARARTHY ANBIL, et al. and : <br> UNKNOWN PERSONS AND INTERESTED : <br> PARTIES, : <br> Defendants : | C.A. NO. 02-CV-3733 |

**MEMORANDUM OF LAW OF DEFENDANTS, SCOTT AND KERSTIN MARCUM, IN OPPOSITION TO PLAINTIFF'S MOTION FOR IMMEDIATE ACCESS AND POSSESSION OF EASEMENTS CONDEMNED FOR PIPELINE REPLACEMENT**

**I.   BACKGROUND**

On May 17, 2002, the Federal Energy Regulatory Commission ("FERC") issued an order ("May 17th Order") granting to Plaintiff, Columbia Gas Transmission Corporation ("Columbia"), a certificate of public convenience and necessity under the Natural Gas Act for the completion of the Delaware Valley Energy Expansion Project (the "Project").[1]  Among the properties that will be effected by the Project is the property located at 5014 Deer Drive, Downingtown, Pennsylvania, owned by Scott R. and Kerstin R. Marcum ("Marcums").

The May 17th Order of FERC addresses the scope and width of the construction easement and the permanent right-of-way across the Marcums' property.  In particular, Columbia reduced its construction right-of-way from 75 feet to 50 feet near the Marcums' home.  **See May 17th Order at**

---

[1] The May 17th Order of FERC is attached to the Complaint in this action as Exhibit "A" and to the subject Motion as Exhibit "A".

**p. 25**. Further, on March 22, 2002, in response to a data request from FERC, Columbia stated that it had reduced its permanent right-of-way width from 50 feet to 40 feet near the Marcums' home, among others. **Id.** Under the May 17th Order of FERC, Columbia is to revise and file maps showing the location of its right-of-way. **Id.**

On or about June 12, 2002, Columbia instituted this action by filing its Complaint. Columbia attached maps of all of the properties to the original of the Complaint filed with this Honorable Court; as to each landowner, Columbia only attached for each landowner a drawing for that landowner's property. **See Notice of Condemnation (affixed to the Complaint).** The drawing that was attached to the Marcums' service copy of the Complaint was last revised on January 30, 2002.[2] Notably, the drawing was revised (on January 30, 2002) prior to March 22, 2002, or the date that Columbia stated it had reduced its permanent right-of-way from 50 feet to 40 feet near the Marcums' home and was ordered to revise and file maps showing the location of its right-of-way.

On July 8, 2002, the Marcums timely filed their Answer with Affirmative Defenses and Counterclaim. Simultaneous with the filing of this Memorandum of Law, the Marcums, by the undersigned, have submitted their response to Columbia's Motion for Immediate Access and Possession of Easements.

---

[2] A reduced size copy of the drawing is attached hereto for the convenience of this Honorable Court.

II.   **ARGUMENT**

Generally, in an eminent domain proceeding under the Natural Gas Act, this Honorable Court's jurisdiction extends solely to examining the scope of the certificate of public convenience issued by FERC and ordering condemnation of property as authorized in the certificate. Portland Natural Gas Transmission System v. 4.83 Acres of Land, 26 F. Supp. 2d. 332, 339 (D.N.H. 1998) (citing Tennessee Gas Pipeline Company v. Massachusetts Bay Transportation Authority, 2 F. Supp. 2d. 106 (D. Mass. 1998)). The district court does not have the authority to enforce compliance with preconstruction conditions. Portland Natural Gas Transmission System, 26 F. Supp. 2d. at 339. Rather, the district court's sole charge and authority is to evaluate the scope of the FERC certificate and order the condemnation of property in accordance with that scope. Tennessee Gas Pipeline Company, 2 F. Supp. 2d. at 110.

Furthermore, in connection with Columbia's request for immediate possession, it is inappropriate to permit possession prior to an order of condemnation or without a showing of immediate need for possession. National Fuel Gas Supply Corporation v. 138 Acres of Land in the Village of Springville, County of Erie, 84 F. Supp. 2d. 405, 415-17 (W.D.N.Y. 2000).[3] In determining whether immediate possession is to be permitted, Columbia must meet the standards for issuance of a preliminary injunction. Northern Border Pipeline Company v. 86.72 Acres of Land, 144 F. 3d. 469 (7th Cir. 1998). Among the prerequisites to the issuance of injunctive relief is the establishment by the requesting party that it is likely to prevail on the merits. Northern Border Pipeline Company v. 86.72 Acres of Land, 144 F. 3d. at 471-2.

---

[3] The Natural Gas Act does not give private natural gas companies, such as Columbia, the substantive right to immediate possession of property. National Fuel Gas Supply Corporation, 84 F. Supp. 2d. at 415.

Here, the Marcums respectfully suggest that, as to the easement requested over their property, Columbia has not satisfied the aforementioned prerequisite to injunctive relief in the nature of immediate possession. In the Complaint (and specifically the drawing for the property of the Marcums), Columbia is requesting the granting of an easement across the Marcums' property that is not consistent with, and is beyond the scope of, the easement across the Marcums' property described in the May 17th Order of FERC. Columbia expressly represented that it had reduced its permanent right-of-way near the Marcums' home to 40 feet. Even a cursory review of the drawing for the Marcums' property discloses that the permanent right-of-way near the Marcums' way is more than 40 feet. Simply put, as to the Marcums, Columbia has not shown, and cannot show, that it is likely to prevail on the merits.

### III.   CONCLUSION

For the foregoing reasons, Defendants Scott R. and Kerstin R. Marcum respectfully request that this Honorable Court deny Plaintiff's Motion for Immediate Access and Possession of Easements Condemned for Pipeline Replacement. Alternatively, should this Honorable Court grant the subject Motion, then the Marcums request that the Court restrict Columbia's access in and to the Marcums' property to the construction right-of-way and permanent right-of-way as set forth in FERC's May 17th Order.

                                                Respectfully submitted,

                                                LENTZ, CANTOR & MASSEY, LTD.

BY: _____
       Robert W. Lentz, Esquire
       Scott E. Yaw, Esquire
       PA ID Nos. 04927/60343
       20 Mystic Lane, Chester County Commons
       Malvern, PA  19355
       (610) 722-5800
       Attorneys for Defendants Scott and Kerstin Marcum

Date: July 12, 2002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served by first class mail, postage prepaid, upon the following:

Kevin C. Abbott, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Attorney for Plaintiff Columbia Gas Transmission Corporation

Francis M. Correll, Jr., Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street, Suite 400
Philadelphia, P A 19102
Counsel for: Richard J. and Victoria S. Channell; Edmund and Crista Ford; Joseph K. and Lisa J. Gallick; Michael and Joan Kelly; Jeffrey L. and Carolyn A. Pizagno March; Stuart P. and Deborah W. Sullivan; Sean T. and Margaret F. Sweeney, Lee R. and Martha M. Williams

Michael Sacks, Esquire
Hamburg & Golden, P .C.
1601 Market Street
Philadelphia, P A 19103
Counsel for: John Alexander Churchman

H. Michael Cohen, Esquire
144 West Market Street
West Chester, PA 19382
Counsel for: Herbert J. McCorry

Kevin R. Boyle, Esquire
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA 19355
Counsel for: Archbishop of Philadelphia

Robert Michael Firkser, Esquire
Del Sordo & Firkser
333 West Baltimore Pike
P.O. Box 606
Media, PA 19063
Counsel for: Par and Jay Par Anbil

James T. Owens, Esquire
25 South Church Street
West Chester, PA 19382-3220
Counsel for: William C. and Alice J. Vache, III; Richard A. and Debra L. Whiting, Jr.

Mary Ann Rossi, Esquire
MacElree Harvey, Ltd.
740 Springdale Road, Suite 100
Exton, PA 19341
Counsel for: John W. and Elizabeth L. Horigan and Frank J. and Linda B. Reddon

John & Dani Best
900 Jessica Terrace
Downingtown, PA 19335

Sudhir K. and Asha Bhatnagar
904 Victoria Court
Downingtown, PA 19335

Fred V. and Cheryl A. Diers
902 Jessica Terrace
Downingtown, PA 19335

Glenmede Trust Company
4 Cambridge Road
Downingtown, PA 19335

Harris C. Aller, III
4 Cambridge Road
Downingtown, PA 19335

Harold M. and Roberta E. Harper
1 Buckingham Drive
Uwchland, PA 19480

Robert L.M. and Linda Landenberg
4 Dowlin Forge Road
Downingtown, PA 19335

Frank T. and Anna K. Marino
104 Linda Circle
Downingtown, PA 19335

Heritage Commercial Group
3326 Old York Road, Suite A-100
Furlong, PA 18925

Steven J. and Joanne S. McNaughton
280 Moore Road
Downingtown, PA 19335

Gary S. and Mary M. Plank
100 Linda Circle
Downingtown, PA  19335

Douglas B. and Donna G. Prichard
904 Jessica Terrace
Downingtown, PA 19335

Francisco T. and Kathleen D. Rivas
3 Dowlin Forge Road
Downingtown, PA 19335

Edward J. and Karen E. Walsh
24 Joseph Court
Downingtown, PA 19335

Welsh Ayres Joint Community Association
c/o Paul Rubino, President
129 Longfields Way
Downingtown, PA 19335

David N. and Harriet A. Whittaker
413 Newcomen Court
Exton, PA 19341

Richard P. and Margaret M. Whittaker
1300 Beaumont Lane
Pottstown, PA 19464

Andrew M. and Susan W. Castaldi
c/o Walter Bryer Real Estate
431 Kinberkamuck
Orabell, NJ 07649

        LENTZ, CANTOR & MASSEY, LTD.

        BY: _____
             Robert W. Lentz, Esquire
             Scott E. Yaw, Esquire
             PA ID Nos. 04927/60343
             20 Mystic Lane, Chester County Commons
             Malvern, PA 19355
             (610) 722-5800
             Attorneys for Defendants Scott and Kerstin Marcum

Date: July 12, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | : | |
| Plaintiff | : | |
| v. | : | |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY PAR AND PARTHASARARTHY ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | : | C.A. NO. 02-CV-3733 |
| Defendants | : | |

**<u>ORDER</u>**

NOW, THIS _____ day of _____, 2002, upon consideration of Plaintiff's Motion for Immediate Access and Possession of Easements Condemned for Pipeline Replacement, and the responses thereto, it is hereby ORDERED that said Motion is denied.

BY THE COURT:

_____
M. Faith Angell, United Stated Magistrate Judge