John A. VanLuvanee, Esq.
Attorney I.D. No. 15974
**Eastburn & Gray, P.C.**                             Attorneys for Defendant
60 East Court Street                                  Heritage Building Group, Inc.
P.O. Box 1389
Doylestown, PA 18901
(215) 345-7000
(215) 345-3528 (fax)

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | C.A. No. 02-CV-3733 |
| Plaintiff, | |
| vs. | |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | BRIEF IN OPPOSITION TO MOTION FOR IMMEDIATE ACCESS AND POSSESSION OF EASEMENTSCONDEMNED FOR PIPELINE REPLACEMENT |
| Defendants. | |

Defendant, Heritage Building Group, Inc. ("Heritage"), by and through its attorneys, Eastburn & Gray, P.C., files this Brief in Opposition to the Motion of Columbia Gas Transmission Corporation ("Columbia") for Immediate Access and Possession of Easements Condemned for Pipeline Replacement, in the above-captioned matter.

## I.    Statement of Facts

Heritage is the equitable owner of the property commonly known as the northeast corner of PA Route 100 and Fellowship Road, situate in Upper Uwchian Township, Chester County, Pennsylvania and also known as Chester County Tax Map Parcel No.

32-03-24 ("Property").  Columbia is a natural gas pipeline company which owns and operates Line 1896, a pipeline that presently runs under Heritage's Property and for which Columbia has an existing right-of-way and easement.

On May 17, 2002, the Federal Energy Regulatory Commission ("FERC") issued an Order granting Columbia a certificate of public convenience and necessity under the Natural Gas Act, 15 U.S.C. § 717z, approving Columbia's proposed plan to replace a segment of Line 1896 with a larger pipeline.  Columbia has instituted the present condemnation action to obtain, in part, an easement over the Property.  With respect to the Property, only one (1) meeting on March 1, 2002 between representatives of Heritage and Columbia had occurred, during which meeting Columbia rejected Heritage's proposal to place paving within Columbia's existing right-of-way on the Property.  Columbia has made no offer, either at or before that meeting or at anytime thereafter, to amicably acquire, without resort to eminent domain, the proposed pipeline easement over the Property.  Columbia, as a private entity, has no substantive entitlement to immediate possession of the Property.

## II.   Questions Presented

a)   SHOULD THIS COURT DENY COLUMBIA'S MOTION FOR IMMEDIATE ACCESS AND POSSESSION OF THE PROPERTY WHERE COLUMBIA, PRIOR TO RESORTING TO CONDEMNATION, HAS MADE NO OFFER TO OBTAIN, OR OTHERWISE NEGOTIATE, AN AMICABLE ACQUISITION OF A PIPELINE EASEMENT OVER THE PROPERTY.

b)   SHOULD THIS COURT DENY COLUMIA'S MOTION FOR IMMEDIATE ACCESS AND POSSESSION OF THE PROPERTY WHERE COLUMBIA, AS A PRIVATE ENTITY, HAS NO SUBSTANTIVE ENTITLEMENT TO IMMEDIATE POSSESSION?

### III.    Argument

**A.    Columbia had not attempted any good faith negotiations with Heritage before filing the present condemnation action.**

Heritage wholly disputes Columbia's authority to condemn the easements necessary for replacing the segment of Line 1896 because Columbia has not satisfied the necessary prerequisites to its exercise of eminent domain, as set forth in section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), in that it has not sufficiently negotiated, with Heritage, the taking of a pipeline easement over the Property, either by contract or by agreement with Heritage as to the compensation to be paid for said pipeline easement.

> Section 7(h) of the Natural Gas Act provides, in pertinent part, the following:
>
> **Right of eminent domain for construction of pipelines, etc.**
>
> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).  (Emphasis added.)  Thus, as a necessary prerequisite to instituting a condemnation action, a condemnor, in addition to showing an inability to agree on a price with the landowner, must also show that it had attempted good faith negotiations with the landowner.  <u>National Fuel Gas Supply v. 138 Acres of Land</u>, 84 F.Supp.2d 409, 416.  Despite its assertion to the contrary, (<u>see</u> Plaintiff's Memorandum of Law at 5), Columbia has done neither.

3

With respect to the Property, only one (1) meeting on March 1, 2002 between representatives of Heritage and Columbia had occurred, during which meeting Columbia rejected Heritage's proposal to place paving within Columbia's existing right-of-way on the Property. Columbia has made no offer, either at or before that meeting or at anytime thereafter, to amicably acquire, without resort to eminent domain, the proposed pipeline easement over the Property. Columbia's conduct falls far below what has been recognized as having satisfied the "good faith" requirement in section 7(h) of the Natural Gas Act. See USG Pipeline Co. v. 1.74 Acres in Marion County, Tenn., 1 F.Supp.2d 816 (E.D. Tenn. 1998)(natural gas pipeline company negotiated in good faith and satisfied the requirements of section 7(h) before commencing condemnation action for purpose of securing easements for pipeline where it made reasonable efforts to ascertain local land values; initiated negotiations with all property owners over compensation to be paid for easements; made monetary offers that it considered reasonable; and continued negotiations for approximately five (5) months); Kern River Gas Transmission Co. v. Clark County, Nevada, 757 F.Supp. 1110 (D. Nev. 1990)(gas pipeline company's negation attempts fulfilled statutory obligation where the substance of its proposed agreement had been presented at a meeting with county commissioners and negotiations continued for one (1) month from time that commissioners rejected plan until filing of condemnation action).

Columbia's failure to sufficiently negotiate, with Heritage, the taking of a pipeline easement over the Property, either by contract or by agreement with Heritage as to the compensation to be paid for said pipeline easement, obviates the necessity of the present condemnation action pursuant to section 7(h) of the Natural Gas Act, 15 U.S.C.

§ 717f(h) and Fed. R. Civ. P. 71A. It can hardly be said, therefore, that "[t]here is no dispute that Columbia has met all of the elements necessary to exercise its condemnation power." (Plaintiff's Memorandum of Law at 5.) To the contrary, Columbia has *not* met the good faith negotiation requirements of section 7(h) of the Natural Gas Act and its failure to do so genuinely questions it ability to ultimately maintain this present action and thereby secure an easement over the Property. Thus, just compensation is *not* the only issue to be tried in this action. (Plaintiff's Memorandum of Law at 5.) It is therefore incredible that Columbia would seek immediate possession of lands to which it may not even have ultimate possession by virtue of this action. Columbia's ultimate – let alone, immediate – entitlement to an easement over the Property is rather doubtful and therefore this Court should deny Columbia's Motion for Immediate Access and Possession.

    **B.    Columbia, as a private entity, has no substantive entitlement to immediate possession of Heritage's Property.**

Columbia would have this Court take, as gospel, that it "is entitled to immediate possession of the property to be condemned." (Plaintiff's Memorandum of Law at 5.) A certificate of public necessity from FERC does not place Columbia in a better position, with respect to entitlement, that it would be without the certificate. See Northern Border Pipeline Co. v. 86.72 Acres of Land, 144 F.3d 469 (7th Circ. 1998)(certificate of public necessity does not confer substantive entitlement to immediate possession upon a private entity). Where Columbia, as a private entity, has no substantive entitlement to immediate possession of the Property, it *must* rely on this Court's equitable powers. See Northern Border Pipeline Co. 64.111 Acres of Land, 125 F.Supp.2d 299 (N.D. Ill. 2000). It must be remembered, however, that a court's inherent equitable powers are

shielded from direct democratic controls and must therefore be exercised with constraint.  Roadway Express, Inc. v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

Other than generic references to "substantial harm," Columbia simply has not set forth facts that would warrant this Court's exercise of its inherent equitable powers. Given that there is no statutory authority, or substantive law, that would entitle Columbia, as a private entity, to immediate possession, and because Columbia does not presently have actual legal or equitable entitlement to immediate possession, Columbia cannot substantiate its request for the relief which it now seeks.  Moreover, Columbia's equitable request is belied by the fact that an adequate remedy exists at law (that is the condemnation proceeding itself).  Finally, Columbia's various generalizations about substantial harm are easily countered by the fact that Columbia is presently operating two (2) active pipelines over the Property and there is no indication that these lines are of such present inadequacy as to warrant Columbia's immediate intrusion upon Heritage's Property without this Court's first having decided Columbia's ultimate ability to do so.  Columbia's problems with deadlines, financial woes, etc. could have been resolved by entering good faith negotiations with Heritage (and, presumably, other landowners) at an earlier time.  Where Columbia claims that the Project will provide new jobs, any constraints which it may *potentially* face should be resolved by employing those same people to meet the deadlines which its *own* conduct has imposed upon itself.

## IV. Conclusion

In light of the foregoing, Heritage Building Group, Inc., requests that this Honorable Court deny Plaintiff, Columbia Gas Transmission Corporation's, Motion for Immediate Access and Possession of Easements Condemned for Pipeline Replacement.

                            Respectfully submitted,

                            **Eastburn & Gray, P.C.**

                            By: _____
                                  John A. VanLuvanee, Esq.
                                  Attorney I.D. No. 15974
                                  Attorneys for Defendant
                                  Heritage Building Group, Inc.

Dated:_____