IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO.   02-CV-3733 |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | : : : : : : : : : : | |
| Defendants. | : | |

**RESPONSE OF CERTAIN DEFENDANTS TO PLAINTIFF
COLUMBIA GAS TRANSMISSION CORPORATION'S MOTION
FOR IMMEDIATE ACCESS AND POSSESSION OF EASEMENTS
CONDEMNED FOR PIPELINE REPLACEMENT**

Defendants, Richard and Victoria Channell, Edward and Crista Ford, Joseph and Lisa Gallick, Michael and Joan Kelly, Jeffrey and Carolyn March, Staurt and Deborah Sullivan, Sean and Margaret Sweeney, and Lee and Martha Williams, (the "Defendants"), by their undersigned counsel, hereby file this response to Plaintiff Columbia Gas Transmission Corporation's Motion for Immediate Access and Possession of Easements Condemned for Pipeline Replacement (the "Motion"), and respectfully aver in support thereof as follows:

1.　Admitted.

2.　Admitted.

3.　Denied. The allegations set forth in Paragraph 3 of the Motion constitute conclusions of law for which no response is required and thus are deemed denied.

PHIL1: 467083-1

4. Denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff attempted to negotiate new easement agreements with all owners of the properties on which the affected segment of line 1896 are located. It is admitted that Plaintiff has made an offer to resolve this dispute but it is denied that good faith negotiations occurred. At this time, Defendants and Plaintiff have not reached an agreement with respect to the new easement or the temporary construction easement.

5. Denied. The allegation set forth in Paragraph 5 of the Motion constitute conclusions of law for which no response is required and thus are deemed denied.

6. Denied. As set forth fully in the Answer, Objections and Defenses of Certain Defendants to the Notice of Condemnation and Complaint of Plaintiff Columbia Gas Corporation on July 3, 2002, which is attached as Exhibit A, Defendants object to Plaintiff's takings on the grounds that Plaintiff has acted in bad faith and contrary to procedure by not being forthcoming in providing information and documentation to Defendants regarding the following issues:

- How damages compensation will be calculated;
- Who will determine how damages compensation will be calculated;
- How damages compensation will be distributed;
- The adequacy of the security provided; and
- How defendants can be assured that they will actually receive compensation.

Furthermore, it is believed and therefore averred that in addition to condemning Defendants' property to construct, operate, and maintain the proposed 24-inch gas replacement pipeline, Plaintiff intends to soon condemn from some, but not all Defendants, additional lands to construct a second pipeline that would run roughly parallel to the proposed 24-inch gas

replacement pipeline. Accordingly, in addition to the objections as stated above by all Defendants, these Defendants further allege that Plaintiff is acting in bad faith and contrary to procedure by neglecting to coordinate future condemnation actions.

7.  Denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Motion and they are therefore denied.

8.  Denied. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Motion and they are therefore denied.

9.  Denied. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Motion and they are therefore denied. Further, whether Plaintiff or anyone else will suffer substantial harm is a conclusion of law to which no further response is required.

10. Denied. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Motion and they are therefore denied. Further, whether Plaintiff or anyone else will suffer substantial harm is a conclusion of law to which no further response is required.

11. Denied. It is denied that Defendants will not suffer any harm by the grant of immediate access to and possession of the easement being sought by Plaintiff with respect to the Defendants' property. As set forth in the Answer, Objection and Defenses of Certain Defendants to the Notice of Condemnation and Complaint of Plaintiff Columbia Gas Corporation (See Exhibit A), Defendants believe that they will suffer great harm by Plaintiff's proposed takings. It is further denied that the proposed takings will not affect the resale value of Defendants' property. By way of further answer, the prospect of repeated future condemnations also injures certain Defendants by creating confusion regarding the current and future status of their property

rights. Specifically the uncertainty surrounding Plaintiff's current and future condemnation actions place a stigma on these Defendants' properties and injuries these Defendants by harming the value of their properties.

12. Denied. Plaintiff should be required to post a bond in excess of its estimate of just compensation due to all the land owners. With respect to Defendants, it is believed that Plaintiff's compensation offer is significantly below the measure of fair and equitable compensation due to the Defendants as a result of the taking of new easements and the construction work that will subsequently occur.

WHEREFORE, Defendants demand that this honorable Court enter an Order denying the Plaintiff's Motion for Immediate Access and Possession of Easements Condemned for Pipeline Replacement and award Defendants costs together with such other and further relief as is just and proper.

                                                                            KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By:_____
   Carl S. Primavera, Esquire
   Frank M. Correll, Jr., Esquire
   Brett D. Feldman, Esquire
   Attorney Id. Nos. 28619/51076/82689
   260 South Broad Street
   Fourth Floor
   Philadelphia, PA 19102
   (215) 568-6060

Dated: July 17, 2002                            Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO.   02-CV-3733 |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | : : : : : : : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW OF CERTAIN DEFENDANTS
IN OPPOSITION TO PLAINTIFF COLUMBIA GAS TRANSMISSION
CORPORATION'S MOTION FOR IMMEDIATE ACCESS AND
POSSESSION OF EASEMENTS CONDEMNED FOR PIPELINE REPLACEMENT**

**I.     BACKGROUND**

On May 17, 2002, the Federal Energy Regulatory Commission ("FERC") issued an Order granting to Plaintiff, Columbia Gas Transmission Corporation ("Plaintiff") a Certificate of Public Convenience and Necessity under the Natural Gas Act for the completion of the Delaware Valley Energy Expansion Project (the "Project").  Among the persons and properties that will be effected by the Project are the following Defendants:

- Defendants Richard and Victoria Channell own the premises located at 203 Red Tail Circle, Downington, Pennsylvania, 19335;

PHIL1: 467083-1

- Defendants Edward and Crista Ford own the premises located at 207 Red Tail Circle, Downington, Pennsylvania 19335;

- Defendants Joseph and Lisa Gallick own the premises located at 205 Red Tail Circle, Downington, Pennsylvania 19335;

- Defendants Michael and Joan Kelly own the premises located at 110 Peregrine Lane, Downington, Pennsylvania 19335;

- Defendants Jeffrey and Carolyn March own the premises located at 109 Peregrine Lane, Downington, Pennsylvania 19335;

- Defendants Stuart and Deborah Sullivan own the premises located at 108 Peregrine Lane, Downington, Pennsylvania 19335;

- Defendants Sean and Margaret Sweeney own the premises located at 111 Peregrine Lane, Downington, Pennsylvania 19335; and

- Defendants Lee and Martha Williams own the premises located at 209 Red Tail Circle, Downington, Pennsylvania 19335 (collectively the "Defendants").

On June 12, 2002, Plaintiff instituted this action by filing its Complaint. On July 3, 2002 the Defendants timely filed their Answer, Objections and Defenses to the Notice of Condemnation and Complaint of Plaintiff. Along with this Memorandum of Law, the Defendants have also submitted their response to Plaintiff's Motion for Immediate Access and Possession of the Easements which establishes that each of the eight (8) above-named Defendants will be injured and suffer damages as a result of Plaintiff's attempt to condemn an easement across Defendants' properties in order to construct, operate, and maintain a proposed 24-inch gas replacement pipeline.

## II. ARGUMENT

Plaintiff's Motion for Immediate Access and Possession of Easements is nothing more than an attempt to evade the necessary prerequisites to its exercise of eminent domain pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. Section 717(f)(h). In doing so, Plaintiff is attempting to circumvent the Natural Gas Act's provisions granting Defendants the right to assert objections and defenses against Plaintiff's Notice of Condemnation and Complaint.

### A. Plaintiff Has Acted In Bad Faith And Contrary To Procedure

It is well-established that a necessary prerequisite to instituting a condemnation action is for condemnors like Plaintiff to establish that it attempted good faith negotiations with the property owner. See Nat'l Fuel Gas Supply v. 138 Acres of Land, 84 F. Supp.2d 405, 416 (W.D.N.Y 2000). Despite asserting otherwise, Plaintiff has not entered into good faith negotiations with Defendants. See Plaintiff's Memorandum of Law at 5.

As set forth fully in Defendants' Answer, Objections and Defenses of Certain Defendants to the Notice of Condemnation and Complaint of Plaintiff on July 3, 2002, which is attached as Exhibit A, Defendants object to Plaintiff's takings on the grounds that Plaintiff has acted in bad faith and contrary to procedure by not being forthcoming in providing information and documentation to Defendants regarding the following issues:

- How damages compensation will be calculated;

- Who will determine how damages compensation will be calculated;

- How damages compensation will be distributed;

- The adequacy of the security provided; and

3

- How defendants can be assured that they will actually receive compensation.

Without providing such information, Defendants cannot be expected to adequately exercise their rights in this matter under the applicable federal and state statues and laws. In failing to be forthcoming with the above information, Plaintiff does not at the present time have the power or right to condemn Defendants' property.

Furthermore, it is believed and therefore averred that in addition to condemning Defendants' property to construct, operate, and maintain the proposed 24-inch gas replacement pipeline, Plaintiff intends to soon condemn from some, but not all Defendants, additional lands to construct a second pipeline that would run roughly parallel to the proposed 24-inch gas replacement pipeline. Accordingly, in addition to the objection stated above by all Defendants, these Defendants further allege that Plaintiff is acting in bad faith and contrary to procedure by neglecting to coordinate future condemnation actions.

In failing to bundle these serial condemnations in one condemnation action, Plaintiff is operating in bad faith by placing an unfair burden on these Defendants. In the face of this uncertainty, these Defendants could face years of terribly intrusive and disruptive excavation and construction on their property.

Accordingly, Plaintiff's failure to negotiate in good faith with Defendants pursuant to section 7(h) of the Natural Gas Act puts in question its ability to maintain this present action and obtain easements over Defendants' property. Despite this situation, or possibly because of it, Plaintiff's Motion argues that it is entitled to immediate possession of the easements. Since, Plaintiff's right to the easements are unclear at best, Plaintiff's Motion should be dismissed.

4

### B.     Plaintiff Has No Right To Immediate Possession Of Defendants' Property

Plaintiff's assertions that it is entitled equitable relief in the form of an Order for "immediate possession of the property to be condemned" are based on nothing more than unsupported references to "substantial harm" and other general assertions (i.e., deadlines and financial woes) that could have been resolved had Plaintiff entered into good faith negations with Defendants.  See Plaintiff's Memorandum of Law at 5.  Equitable relief in this instance is clearly not warranted since an adequate remedy exists at law in the form of the condemnation proceeding itself already exists.

Furthermore, Plaintiff's allegation that it will suffer substantial harm if it does not gain immediate possession collapses under the facts.  First, Plaintiff is operating two active gas pipelines over Defendants' property which Plaintiff has given no indication that they are presently inadequate to demand Plaintiff's immediate entry upon Defendants' property.  Second, Plaintiff has simply not set forth facts that would entitle it to a legal or equitable right to immediate possession of Defendants' property.

The alleged harm complained of by Plaintiff pales in comparison to the actual harm that will be suffered by Defendants if the objections and defenses that they have asserted are not addressed prior to Plaintiff's taking of their property.  As set forth above, and because of Plaintiff's failure to be forthcoming in providing information and documentation, Defendants cannot be assured that their property rights will be respected and that they will actually receive fair compensation for their damages.  Nonetheless, in response to these genuine objections raised by Defendants, Plaintiff still alleges that the Defendants will not suffer any substantial harm by the grant of immediate possession.  Such an assertion is seemingly without support, because once

5

Plaintiff gains immediate access and possession of the easements condemned for pipeline replacement, any incentive that the Plaintiff had to negotiate in good faith and reach an equitable settlement with Defendants will be gone.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Immediate Access and Possession of Easements Condemned for Pipeline Replacement.  Instead, Defendants request that this Honorable Court schedule a Settlement Conference wherein Defendants' objections as raised in their Answers, Objections, and Defenses to the Notice of Condemnation and Complaint of Plaintiff Columbia Gas Corporation can be discussed.  A Settlement Conference under judicial management may result in this matter being resolved.

                                            KLEHR, HARRISON, HARVEY,
                                            BRANZBURG & ELLERS LLP


                                            By:_____
                                               Carl S. Primavera, Esquire
                                               Frank M. Correll, Jr., Esquire
                                               Brett D. Feldman, Esquire
                                               Attorney Id. Nos. 28619/51076/82689
                                               260 South Broad Street
                                               Fourth Floor
                                               Philadelphia, PA 19102
                                               (215) 568-6060

Dated: July 17, 2002                               Attorneys for Defendants

PHIL1: 467083-1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO.   02-CV-3733 |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and correct copy of the foregoing Response of Certain Defendants To Plaintiff Columbia Gas Transmission Corporation's Motion For Immediate Access and Possession of Easements Condemned for Pipeline Replacement, and Memorandum of Law in Support, to be served this 17th day of July, 2002 via facsimile and first class United States mail, postage prepaid upon the following persons:

> Thomas J. McGarrigle, Esquire
> REED SMITH LLP
> 2500 One Liberty Place
> 1650 Market Street
> Philadelphia, PA 19103-7301
> Fax (215) 851-1420

PHIL1: 467083-1

Kevin C. Abbott, Esquire
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Fax (412) 288-3063

_____
Carl S. Primavera, Esquire
Frank M. Correll, Jr., Esquire
Brett D. Feldman, Esquire