IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | ) ) ) |
| Plaintiff, | ) ) C.A. No. 02-CV-3733 |
| v. | ) ) ) |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE OR DISMISS COUNTERCLAIM FILED
BY DEFENDANTS SCOTT R. AND KERSTIN R. MARCUM**

Columbia Gas Transmission Corporation ("Columbia") files the following Memorandum of Law in Support of Motion to Strike or Dismiss Counterclaim Filed by Defendants Scott R. and Kerstin R. Marcum (the "Marcums").

**INTRODUCTION**

Columbia initiated condemnation proceedings pursuant to the Natural Gas Act, 15 U.S.C. §§ 717-717z and Federal Rule of Civil Procedure 71A. Columbia already owns a pipeline easement over property owned by the Marcums and has owned, operated and maintained a 10-inch natural gas pipeline along that right-of-way. Pursuant to its FERC certificate, Columbia intends to remove the existing 10-inch pipeline and replace it with a 24-inch pipeline along the same right-of-way. Columbia filed a Complaint to condemn the right-of-way and the Marcums filed an Answer and Counterclaim in Response.

**ARGUMENT**

**Columbia's Motion to Strike or Dismiss the Marcums'
Counterclaim Should be Granted Because Only
An Answer Is Permitted Under Fed. R. Civ. P. 71A**

Rule 71A of the Federal Rules of Civil Procedure governs the procedures to be followed in condemnation actions. Pursuant to Rule 71A(e), "[i]f a defendant has any objection or defense to the taking of the property, the defendant shall serve an answer within twenty days after the service of notice upon the defendant." Fed. R. Civ. P. 71A(e). That section of the Rule goes on to state that, "[n]o other pleading or motion asserting any additional defense or objection shall be allowed." Fed. R. Civ. P. 71A(e).

This section of the Rule has been interpreted by the Court to mean that counterclaims are not permitted. In United States v. Banisadr Building Joint Venture, 65 F.3d 374, 380 (4th Cir. 1995), the district court held and the appeals court affirmed that "the landowner's lease-based counterclaim could not be asserted in the condemnation action because F.R.C.P. 71A – which governs condemnation cases – provides that other than an answer, no pleading or motion asserting any additional defense or objection shall be allowed by the defendant." Specifically, the district court held that a "counterclaim, which would otherwise seem to be an appropriate vehicle for raising a claim. . . is therefore not permitted by the Federal Rules of Civil Procedure." Id.

Another district court recently held that "[t]he last section of (e) states, 'No other pleading or motion asserting any additional defense or objection shall be allowed.' In other words, counterclaims are not permitted." Kansas Pipeline Company v. A 200 Foot by 250 Foot Piece of Land, 2002 U.S. Dist. Lexis 12960, *15-16 (D. Kan. 2002) citing Washington Metro Area Transit Authority v. Precision Small Engines, 227 F.3d 224, 228 n. 2 (4th Cir. 2000) ("Even

if Precision had properly preserved their argument on the 'Counter Claim,' it would not prevail in this Court because the 'Counter Claim' was not a permissible pleading" pursuant to Rule 71A(e)) and 12 Wright & Miller, Federal Practice and Procedure § 3048 (2d ed. 1987). See also United States v. 113, 445 Rentable Square Feet of Space, 1989 U.S. Dist. LEXIS 7399, *12 (D.D.C. 1989) ("Rule 71A outlines a streamlined procedure for condemnation, from which even counterclaims are prohibited."); United States v. 1.58 Acres of Land, 523 F.Supp. 120, 122 (D. Mass. 1981) (holding that the only pleading permitted in response to a complaint in condemnation is an answer, not a counterclaim); United States v. 1440.35 Acres of Land, 438 F. Supp. 1070 (D.Md. 1977) ("A counterclaim, which would otherwise seem to be an appropriate vehicle for raising a claim. . . is therefore not permitted by the Federal Rules of Civil Procedure.")[1]

       In accordance with Federal Rule of Civil Procedure 71A, Columbia requests that the Court strike or dismiss the Marcums' Counterclaim. Dismissal of the Marcums' Counterclaim will not prejudice the Marcums in any way because the declaratory judgment sought in their Counterclaim merely duplicates the objections raised in their Answer. Striking or dismissing the Counterclaim does not affect the Marcums' right to contest the amount of just compensation due for the taking.

---

[1] Some courts have declined to entertain counterclaims in condemnation proceedings for other reasons. In Maritimes & Northeast Pipeline, L.L.C. v. 16.66 Acres of Land, 190 F. R. D. 15 (D. Me. 1999), the court dismissed defendant's counterclaim because it did not have jurisdiction over non-compulsory counterclaims. That Court did not discuss the effect of Fed. R. Civ. P. 71A(e), because no objection based on the Rule was raised. See id. Similarly, in United States v. 6.321 Acres of Land, 479 F.2d 404, 407 (1st Cir. 1973), the Court dismissed defendant's counterclaim holding that it lacked jurisdiction over the counterclaim, which fell within the requirements of the Tucker Act. Further, that court found that Rule 71A did not effect a waiver of the government's sovereign immunity, so counterclaims were not permitted. See id. Finally, in Columbia Gas Transmission Corp. v. An Exclusive Gas Storage Easement, 747 F. Supp. 401 (N. D. Ohio, 1990), the court found that a counterclaim based on state law was preempted by federal law and so dismissed the claim.

## CONCLUSION

Based on the foregoing, Columbia requests that the Court grant Columbia's Motion to Strike or Dismiss Counterclaim Filed by Defendants Scott R. and Kirstin R. Marcum.

REED SMITH LLP

Date:_____          _____
                                       Thomas J. McGarrigle
                                       Pa. I.D. No. 27868

                                       2500 One Liberty Place
                                       1650 Market Street
                                       Philadelphia, PA  19103-7301
                                       (215) 851-8220

                                       Kevin C. Abbott
                                       Pa. I.D. No. 35734
                                       Nicolle R. Snyder Bagnell
                                       Pa. I.D. No. 87936

                                       435 Sixth Avenue
                                       Pittsburgh, PA  15219
                                       (412) 288-3804

                                       Attorneys for Plaintiff
                                       Columbia Gas Transmission Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served by first class mail, postage prepaid, upon the following:

Francis M. Correll, Jr.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street
Suite 400
Philadelphia, PA  19102
Counsel for:  Richard J. and Victoria S. Channell; Edmund and Crista Ford; Joseph K. and Lisa J. Gallick; Michael and Joan Kelly; Jeffrey L. and Carolyn A. Pizagno March; Stuart P. and Deborah W. Sullivan; Sean T. and Margaret F. Sweeney, Lee R. and Martha M. Williams

Michael Sacks
Hamburg & Golden, P.C.
1601 Market Street
Philadelphia, PA  19103
Counsel for: John Alexander Churchman

Kevin R. Boyle
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA  19355
Counsel for:  Archbishop of Philadelphia

Robert Michael Firkser
Del Sordo & Firkser
333 West Baltimore Pike
P.O. Box 606
Media, PA  19063
Counsel for:  Par and Jay Par Anbil

Mary Ann Rossi
MacElree Harvey, Ltd.
740 Springdale Road
Suite 100
Exton, PA  19341
Counsel for: John W. and Elizabeth L. Horigan and Frank J. and Linda B. Reddon

Scott E. Yaw
20 Mystic Lane
Malvern, PA  19355
Counsel for: Scott R. and Kerstin R. Marcum

Jonathan F. Altman
Tupitza, Altman & Bryman, P.C.
212 West Gay Street
West Chester, PA  19380
Counsel for: Harold M. and Robert E. Harper

Francisco T. Rivas
257 W. Uwchlan Avenue
Suite A
Lionville, PA  19335
Counsel for: Francisco T. and Kathleen D. Rivas and Robert L.M. and Linda Landenberg

William T. Dudeck
Eastburn And Gray, P.C.
60 East Court Street
P.O. Box 1389
Doylestown, Pa  18901-0137
Counsel for: Heritage Building Group, Inc.

Sudhir K. and Asha Bhatnagar
904 Victoria Court
Downingtown, PA  19335

Glenmede Trust Company
4 Cambridge Road
Downingtown, PA  19335

Harris C. Aller, III
4 Cambridge Road
Downingtown, PA  19335

Frank T. and Anna K. Marino
104 Linda Circle
Downingtown, PA  19335

Herbert J. and Helen M. McCorry
395 Bair Road
Berwyn, PA  19312

Steven J. and Joanne S. McNaughton
280 Moore Road
Downingtown, PA  19335

Gary S. and Mary M. Plank
100 Linda Circle
Downingtown, PA  19335

Douglas B. and Donna G. Prichard
904 Jessica Terrace
Downingtown, PA 19335

Edward J. and Karen E. Walsh
24 Joseph Court
Downingtown, PA 19335

Welsh Ayres Joint Community Association
c/o Paul Rubino, President
129 Longfields Way
Downingtown, PA 19335

David N. and Harriet A. Whittaker
413 Newcomen Court
Exton, PA 19341

Richard P. and Margaret M. Whittaker
1300 Beaumont Lane
Pottstown, PA 19464

Andrew M. and Susan W. Castaldi
c/o Walter Bryer Real Estate
431 Kinberkamuck
Orabell, NJ 07649


Date: _____          _____