**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, : :  Plaintiff : v. : AN EASEMENT TO CONSTRUCT, : OPERATE AND MAINTAIN A 24-INCH : GAS TRANSMISSION PIPELINE ACROSS : PROPERTIES IN CHESTER COUNTY, : PENNSYLVANIA, OWNED BY PAR AND : PARTHASARARTHY ANBIL, et al. and : UNKNOWN PERSONS AND INTERESTED : PARTIES, :  Defendants : | C.A. NO. 02-CV-3733 |

### RESPONSE OF DEFENDANTS STEVEN AND JOANNE MCNAUGHTON TO PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATION'S MOTION TO SET PRE-TRIAL ORDER

Defendants, Steven and Joanne McNaughton (the "McNaughtons"), by their counsel, hereby file this response to Plaintiff Columbia Gas Transmission Corporation's ("Columbia") Motion to Set Pre-Trial Order and state as follows:

1. Denied as stated. It is admitted this action was filed on or about June 12, 2002. It is admitted the McNaughtons' real property, located at 280 Moore Road, Downingtown, PA, is affected by rights-of-way sought to be condemned in this action. As to the remaining allegations of this paragraph, after reasonable investigation, the McNaughtons are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and the same are denied.

2. Admitted.

3. Denied as stated. It is admitted the McNaughtons received a letter from counsel for Columbia as alleged in this paragraph.

4. Denied. After reasonable investigation, the McNaughtons are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and the same are denied.

5. Denied as stated. It is admitted that Columbia and the McNaughtons have not reached a settlement agreement as of this date.

6. Denied as stated. The McNaughtons have agreed to access and have agreed to execute a proposed stipulation to permit Columbia access to their property for construction on or after May 1, 2003.

Further, the McNaughtons object to the proposed scheduling order submitted by Columbia for the following reasons. First, Columbia requests that all defendants produce their appraisals initially with Columbia producing its appraisal(s) five (5) weeks thereafter. An appraisal, in the context of a condemnation action, is an independent evaluation of real property, and therefore the simultaneous exchange of appraisals between all defendants and Columbia is appropriate. See Guardian Pipeline, LLC v. 950.80 Acres of Land, 2002 WL 519748 at *2 (N.D.Ill. 2002).

The McNaughtons next object to Columbia's proposed scheduling order because Columbia appears to suggest that only one (1) trial in this case is required. At this time, there are six (6) different properties involved with six (6) different sets of owners. Some of the defendants (including the McNaughtons) have, as of this date, demanded a trial by jury while others have not. The McNaughtons suggest that it would be overly burdensome, cost prohibitive, and improper to require them, and their counsel, to attend a lengthy, single trial in this case involving all remaining defendants and all six remaining properties. Depending on the scheduling order issued by this

Honorable Court, the McNaughtons reserve the right to file an appropriate motion to bifurcate the trials in this action. The McNaughtons attach hereto a proposed scheduling order.

                                      LENTZ, CANTOR & MASSEY, LTD.

                          By: _____
                                      Scott E. Yaw, Esquire
                                      PA Attorney I.D. No. 60343
                                      20 Mystic Lane, Chester County Commons
                                      Malvern, PA 19355

Date: November 21, 2002                (610) 722-5800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Response of Defendants Steven and Joanne McNaughton to Plaintiff Columbia Gas Transmission Corporation's Motion to Set Pre-Trial Order have been served by first class mail, postage prepaid, upon the following:

Kevin C. Abbott, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Attorney for Plaintiff Columbia Gas Transmission Corporation

Kevin R. Boyle, Esquire
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA 19355
Counsel for: Archbishop of Philadelphia

Mary Ann Rossi, Esquire
MacElree Harvey, Ltd.
740 Springdale Road, Suite 100
Exton, PA 19341
Counsel for: Frank J. and Linda B. Reddon

Jonathan F. Altman, Esquire
Tupitza, Altman & Bryman, P.C.
212 West Gay Street
West Chester, PA 19380
Counsel for Harold M. and Roberta E. Harper

Francisco T. Rivas, Esquire
257 West Uwchlan Avenue, Suite A
Lionville, PA 19353
Counsel for Francisco T. and Kathleen D. Rivas
and Robert L.M. and Linda Landenberg

                                               LENTZ, CANTOR & MASSEY, LTD.

                                         BY: _____
                                                Scott E. Yaw, Esquire
                                                PA ID No. 60343
                                                20 Mystic Lane, Chester County Commons
                                                Malvern, PA 19355
                                                (610) 722-5800
                                                Attorney for Defendants
Date: November 21, 2002                        Steven and Joanne McNaughton

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | : <br> : |
| Plaintiff | : |
| v. | : |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY PAR AND PARTHASARARTHY ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | : C.A. NO. 02-CV-3733 <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants | : |

**O R D E R**

NOW, this _____ day of _____, 2002, upon consideration of the Plaintiff Columbia Gas Transmission Corporation's Motion to Set Pretrial Order and the response(s) thereto, the Court enters the following Order concerning pre-trial matters:

1. All non-expert discovery must be completed by February 28, 2003.

2. The defendants must produce their expert reports, if any, to Columbia by March 15, 2003. Columbia must produce its expert reports, if any, to the defendants by March 15, 2003. All expert discovery must be completed by April 15, 2003.

3. Any dispositive motions must be filed no later than April 15, 2003. Responses to dispositive motions are due thirty (30) days after service of the motion. Replies are due fifteen (15) days after service of the response.

4. Pretrial Memoranda, prepared consistent with L.R.Civ.P. 16.1(c), are to be filed with the Court by _____. (Two weeks before trial date). The listing of witnesses will be subject to L.R.Civ.P. 16.1(d)1(b).

     5.     Trial exhibits are to be pre-marked and exchanged by _____ (at least five days prior to trial) with the authenticity subjec to L.R.Civ.P. 16.1(d)1(a).

     6.     A final pre-trial Order will be prepared consistent with L.R.Civ.P. 16.1(d)(2) and submitted by counsel for plaintiff to Chambers at least three (3) days prior to the scheduled final pretrial conference.

     7.     The final pretrial conference will be held on _____ (2-4 days before trial) and conducted consistent with L.R.Civ.P. 16.1(d)3.

     8.     The trials in this case will be held on or after _____, Courtroom _____.

     9.     All requests by counsel or parties not represented by counsel are to be in writing, filed with the Clerk of Court and in Motion form, consistent with L.R.Civ.P. 7.1, unless directed otherwise by the Court.

 

_____
M. FAITH ANGELL
United States Magistrate Judge