IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 02-CV-3733 |
| v. | ) ) | |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF COLUMBIA GAS TRANSMISSION
CORPORATION'S MEMORANDUM OF LAW IN SUPPORT
<u>OF MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

REED SMITH, LLP

Thomas J. McGarrigle
Pa. I.D. No. 27868

2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8220

Kevin C. Abbott
Pa. I.D. No. 35734
Nicolle R. Snyder Bagnell
Pa. I.D. No. 87936

435 Sixth Avenue
Pittsburgh, PA  15219
(412) 288-3804

Attorneys for Plaintiff
Columbia Gas Transmission Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 02-CV-3733 |
| v. | ) ) ) | |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

The plaintiff, Columbia Gas Transmission Corporation ("Columbia"), has moved for partial summary judgment to establish that none of the objections raised by Harold and Roberta Harper (the "Harpers") in this condemnation action are valid. There is no genuine issue of material fact as to Columbia's authority to condemn the easements at issue. Because none of the other remaining defendants filed Answers, granting Columbia's motion will leave only the issue of just compensation for trial.

Columbia also moves for summary judgment as to its right to take possession of the condemned easements by May 1, 2003 in order to meet its construction schedule. Because there is no dispute as to Columbia's authority to condemn these easements, Columbia should be granted the access necessary to replace the pipeline.

1

## **FACTS**

Columbia is a natural gas pipeline company subject to regulation by FERC under the Natural Gas Act, 15. U.S.C. §§ 717-717z.  Columbia owns and operates a pipeline system to transport and store gas for its customers in Pennsylvania and other states. **See Ex. A** (Abbreviated Application of Columbia Gas Transmission Corporation for a Certificate of Public Convenience and Necessity, Docket No. CP01-439-000, p.2).[1]  By its tariff, Columbia is authorized to and is now engaged in the business of storing and transporting natural gas in interstate commerce for public use and purposes. See id. at 3.

Columbia filed an application requesting authorization to build additional facilities needed to serve an 800 MW electric generation facility with the FERC on August 31, 2001. See id.  This request included increasing the size of Line 1896 from 10 inches to 24 inches. See id. at 6.

During FERC's review period, public notice is given and property owners and others are given an opportunity to object to the proposed project. **Ex. B** (In Re Columbia Gas Transmission Corp., Docket No. CP01-439-000, 99 FERC ¶ 16,190, p.8).  The Harpers participated in this process by filing objections to the project.  Id. at 25.

On May 17, 2002, FERC issued an Order granting Columbia a certificate of public convenience and necessity under the Natural Gas Act for completion of the project, In Re Columbia Gas Transmission Corp., Docket No. CP01-439-000, 99 FERC ¶ 16,190. Id.  Although the new segment of Line 1896 will be placed in essentially the same location as the replaced segment, Columbia had to obtain new easements for certain properties because the old easement agreements with the defendants in this action specified a 10-inch pipeline and did not explicitly

---

[1] All Exhibits are contained in the separately filed Materials Submitted in Support of Plaintiff Columbia Gas Transmission Corporation's Motion for Partial Summary Judgment.

grant Columbia the right to change the size of the pipeline. **See** **Ex. C** (Declaration of Victor Lynn McCoy ("McCoy Declaration") ¶ 8).

Columbia began negotiations with property owners affected by the project in 2001 and attempted to negotiate new easements with all owners of the properties on which the affected segment of Line 1896 is located. Id.  Before filing this condemnation action, Columbia successfully negotiated new easements as to 88 of the properties affected. Id.

On June 12, 2002, Columbia filed this condemnation action pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h) and Fed.R.Civ.P. 71A as to the 46 landowners who would not agree to Columbia's offer to pay for a new easement at that time.[2]  Since then, Columbia has settled with 42 of those property owners.  Of the remaining 4 property owners, only the Harpers filed an Answer to Columbia's Complaint. **See** **Ex. D** (the "Harper Answer").

On June 27, 2002, Columbia filed a Motion for Immediate Access and Possession of the Properties Condemned for Pipeline Replacement and a Motion for Expedited Hearing. Columbia withdrew those motions on September 13, 2002, due to changes in its construction schedule.

As a result of a notice from the customer for this project that it will require service at a later date than originally agreed upon and changes in the timing of related projects, Columbia applied to the FERC to amend its certificate of public convenience and necessity to reflect these changes. **See** **Ex. E** (Application of Columbia Gas Transmission Corporation to Amend a Certificate of Public Convenience and Necessity, Docket No. CP01-439-00__, filed October 4, 2002).  This application for amendment was granted by the FERC on December 20, 2002. **See** **Ex. F** (Order Issuing Certificate, Granting Abandonment Authority, and Vacating

---

[2] Originally, there were 46 property owners, but 47 parcels of property, since the Archbishop of Philadelphia owns two parcels which are subject to this condemnation.

Certificate, Docket Nos. CP02-142-000, CP02-142-001, CP01-260-000, CP01-260-001). The Amendment does not affect the previously certificated plan to increase the size of Line 1896 from 10-inches to 24-inches, it merely makes changes to the scheduling of this portion of the project and to other aspects of the project as a whole. **See** Ex. C (McCoy Declaration ¶ 4). It also increases the capabilities of the electric generation facility from 800 MW to 1020 MW. **See Ex. F** at p.1.

On October 1, 2002, a scheduling conference was held with the parties. As a result of discussions at that conference, Columbia was ordered by the Court to provide information as to how each landowner's offer was calculated for the purpose of settlement. **Ex. G** (Order of October 4, 2002). Columbia sent letters to the landowners describing their offers the following week.

Since the October 1, 2002 scheduling conference, Columbia has settled fifteen additional properties. The Harper, Archbishop of Philadelphia, Rivas, and Landenberg properties remain. Of those, only the Harpers filed an Answer contesting Columbia's authority to condemn the easement at issue.

**ARGUMENT**

I.   **COLUMBIA IS ENTITLED TO SUMMARY JUDGMENT AS TO THE HARPERS' ANSWER BECAUSE THE NATURAL GAS ACT GRANTS COLUMBIA THE LEGAL AUTHORITY TO CONDEMN THE EASEMENT NECESSARY TO REPLACE LINE 1896 WITH A LARGER PIPELINE**

Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), authorizes the holder of a certificate of public convenience and necessity to condemn property rights necessary to construct, operate, and maintain a pipeline or pipelines for the transportation of natural gas. See Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land, 210 F. Supp. 2d 1253, 1257-1258 (D. Kan. 2002) (holder of FERC certificate of public convenience and necessity is entitled to

condemnation of property where it is unable to agree with landowners on compensation to be paid); <u>Tenn. Gas Pipeline Co. v. New England Power</u>, 6 F. Supp. 2d 102, 104 (D. Mass. 1998) (same).

There is no genuine issue of disputed material fact as to Columbia's establishment of the elements necessary for condemnation under Section 7(h) of the Natural Gas Act.

Section 7(h) states in relevant part:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located. . . .

15 U.S.C. § 717f(h).

In order to condemn a property interest under Section 7(h), the plaintiff must show that:

(a) it is a holder of a certificate of public convenience and necessity;

(b) it needs to acquire an easement, right-of-way, land or other property necessary to the operation of its pipeline system; and

(c) it has been unable to acquire the necessary property interest from the owner.

<u>Id</u>. As demonstrated below, there is no genuine issue of disputed material fact as to Columbia's establishment of each of these three elements.

A.  **Columbia Is a Holder of a Certificate of Public Convenience and Necessity**

There is no dispute that Columbia is a holder of a certificate of public convenience and necessity for Line 1896 and the Project. On May 17, 2002, FERC issued an Order granting to Columbia a certificate of public convenience and Necessity under the Natural Gas Act for completion of the Project, In Re Columbia Gas Transmission Corp., Docket No. CP01-439-000, 99 FERC ¶ 61,190. **Ex. B.** On December 20, 2002, FERC issued an Order Issuing Certificate, Granting Abandonment Authority, and Vacating Certificate, Docket Nos. CP02-142-000, CP02-142-001, CP01-260-000, CP01-260-001. **Ex. F.** This Order Amended Columbia's previous plans and allowed for changes required as a result of a notice from the customer for this project that it will now require service at a later date than originally agreed upon and changes in the timing of related projects. The Amendment, however, does not affect the previously certificated plan to increase the size of Line 1896 from 10-inches to 24-inches. See **Ex. C** (McCoy Declaration ¶ 4).

The Harpers' Answer does not contest Columbia's status as a party with the power to condemn under the Natural Gas Act.

B.  **The Easement Is Necessary for the Proper Operation of Columbia's Pipelines**

The second element to permit condemnation under Section 7(h) is a showing that the property to be condemned is necessary for the proper operation of a pipeline or pipelines for the transportation of natural gas. Congress intended to give gas pipeline companies the power to condemn any property interest or facility necessary to fulfill their duty of providing gas service. See 15 U.S.C. § 717f(h); Kansas Pipeline Co., 210 F. Supp. 2d at 1255.

As noted above, all of the landowners had an opportunity to comment or object before issuance of the FERC certificate. And, in fact, the Harpers did avail themselves of this

opportunity. See **Ex. H** (Data Request of April 9, 2002 (Harpers)). The Harpers initially raised their objections to the issuance of the FERC Certificate by letter dated March 23, 2002 to the FERC. Id. That letter outlined the Harpers' concerns as to their on-site septic system, their trees, their fear that Columbia planned to put 2-4 more pipelines in their yard, the viability of the offers made by Columbia, their personal safety, and the Harpers' suggested relocation of the pipeline. Id.

Columbia responded to the Harpers' requests in their Response to Data Request dated April 9, 2002, Docket No. CP01-439-000 § 375.308 (x). **Ex. I.** Columbia's Certificate of Convenience, which it received May 17, 2002, indicates that the FERC determined that the Harpers' concerns were adequately addressed by Columbia in their Response to Data Request of April 9, 2002 stating that "it is between Columbia and the landowners to negotiate compensation for easement rights and damages." **Ex. B** (Order, In Re Columbia Gas Transmission Corp., Docket No. CP01-439-000, 99 FERC ¶ 16, 190, p.25). FERC also noted that "the replacement pipelines should not affect resale value since two pipelines already exist on the property and Columbia has no plans to add pipelines." Id.

The undisputed facts here demonstrate that the easement to be condemned is necessary to fulfill Columbia's duty to provide gas to its customers. The fact that FERC has determined that the Project is a matter of public convenience and necessity is a finding which cannot be collaterally attacked in this action. See Tenn. Gas Pipeline Co. v. 104 Acres of Land, 749 F. Supp. 427, 430 (D.R.I. 1990) (collateral attacks on the validity of a FERC certificate may not be decided by the District Court); USG Pipeline Co. v. 1.74 Acres in Marion County, Tenn., 1 F. Supp. 2d 816, 821 (E.D. Tenn. 1998) (questions of validity of a FERC certificate must be brought to the Commission then reviewed by the U.S. Court of Appeals). Moreover, the court in Kansas Pipeline Co., 210 F. Supp. 2d at 1256, noted that, "[o]nce the holder of a FERC

certificate of public convenience and necessity asks a district court to enforce its right to condemn, the findings in the FERC certificate are treated as conclusive."

The Harpers' Answer does not contest the necessity of the easements condemned pursuant to this condemnation action. In any event, the Harpers' complaints were addressed by Columbia and approved by FERC. Collateral attacks on the FERC certificate cannot be decided by this court.

    **C.**    **Columbia Has Been Unable to Obtain the Easement by Contract or Negotiation**

The final element which Columbia must prove is that it has been unable to obtain the necessary property interest by contract "or is unable to agree with the owner of property to the compensation to be paid for" the property. 15 U.S.C. § 717f(h); see also, Kansas Pipeline Co., 210 F. Supp. 2d at 1257 (condemnor need only show that they were unable to agree with landowners as to compensation to satisfy statutory requirement).

Again, there is no genuine issue of material fact that Columbia and the Harpers have been unable to agree on compensation. Columbia made offers to all the property owners in this case. The declaration of Victor Lynn McCoy makes it clear that the parties did negotiate but were unable to agree. **Ex. C** (McCoy Declaration ¶¶ 8-9). The Harpers admit that Columbia offered to purchase the easement. **See, e.g.,** **Ex. J** (Deposition transcript of Harold M. Harper, III, January 9, 2003, p. 51, "Q. You say you've had conversations with Columbia. Did Columbia offer to pay you for an amendment to the right-of-way agreement that would allow them to put in the 24-inch line? A. Yes, they did."); **Ex. K** (Deposition of Roberta E. Harper, January 9, 2003, p. 47, "Q. Did they [representatives from Columbia] make any offers to you to pay for the increase in the size? A. There were two offers made.").

There is no genuine issue of material fact as to Columbia's establishment of each element required for condemnation under the Natural Gas Act.

**D.        None Of The Defenses Asserted In The Answer Preclude Partial Summary Judgment**

Rule 71A of the Federal Rules of Civil Procedure governs all condemnation actions under federal law.  A condemnation under federal law is essentially a bifurcated procedure with the first phase resolving any objections to the taking and the second phase deciding the just compensation due for the property taken.  Whether or not an Answer is filed, the landowners are free to contest the just compensation to be awarded in the second phase of the litigation.  Rule 71A(e) requires that if a defendant has any objection or defenses to the taking of the property, that defendant must file an answer stating "all the defendant's objections and defenses to the taking of the property."  Fed. R. Civ. P. 71A(e).  All defenses and objections not presented in the answer are waived.  Id.; see also Gov't of the Virgin Islands v. 19.623 Acres of Land, 536 F.2d 566, 569-70 (3d Cir. 1976).

Of the four remaining landowners who have not settled, only the Harpers filed an Answer.  **See Ex. D** (the "Harper Answer").  As demonstrated below, the objections raised by this Answer do not raise any genuine issue of material fact.

The Answer filed by the defendants Harold and Roberta Harper generally denies the averments of Columbia's Complaint but fails to state any specific objections.  **See Ex. D.**  The only "Affirmative Defense" stated by the Harpers is that the condemnation "constitutes a wrongful taking of the property rights" of the Harpers.

Because the Harpers' Answer actually raises no specific defense or objections, Columbia is entitled to summary judgment.  The Answer to a Complaint seeking condemnation pursuant to the Natural Gas Act must identify the property in which the defendant claims to have

9

an interest, state the nature and extent of the interest claimed, and state all objections and defenses to the taking of the property.  See Wright & Miller, Federal Practice and Procedure §3048 (2002).  In addition, the general standard of pleading is governed by Rule 8 of the Federal Rules of Civil Procedure.  See Advisory Committee Note to Rule 71A(e).  In U.S. ex rel. & for the Use of TVA v. 0.08 Acre of Land, 246 F. Supp. 408 (D.C. Tenn. 1965), a condemnation case, the court stated that the Answers of defendants would be stricken where the objections and defenses were generalized and not specified.  See also, Winslow v. Nat'l Elec. Products Corp., 5 F.R.D. 126, 131 (W.D. Pa. 1946) (Answer requires a statement containing enough definite material that plaintiffs will be informed of the defense they must meet); Sweeney v. Buffalo Courier Express, Inc., 35 F. Supp. 446, 447 (D.C.N.Y. 1940) (same).

   As to the three property owners who filed no Answer, Columbia is entitled to Summary Judgment on the issue of the taking.  As to the Harpers, Columbia is entitled to Summary Judgment on the taking because the Answer raises no specific defense or objections.

## II. COLUMBIA IS ENTITLED TO ACCESS TO THE CONDEMNED EASEMENTS

   As noted above, there is no dispute that Columbia is vested with condemnation power under federal law, 15 U.S.C. § 717f(h), or that Columbia has met the requirements for immediate possession of the property to be condemned.

   Because there is no dispute as to Columbia's right to condemn the easements, Columbia has moved for access to and possession of the easements by May 1, 2003.  As counsel for Columbia indicated at the scheduling conference on October 1, 2002, rather than wait until construction must begin and file a motion for immediate access and possession, Columbia seeks to settle this issue now, without the need for expedited consideration.  As demonstrated below,

Columbia's motion should be granted because the only issue to be tried in this action is what compensation is due to the condemnees. See Fed. R.Civ.P. 71A(h).

Columbia is entitled to immediate possession of the property to be condemned. See Guardian Pipeline v. 950.80 Acres of Land, 210 F. Supp.2d 976 (N.D. Ill. 2002); Northwest Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way Easement, 197 F. Supp.2d 1241 (E.D. Wash. 2002); Tenn. Gas Pipeline Co., 6 F. Supp. 2d at 104-105; USG Pipeline, 1 F. Supp. 2d at 825-826; Northern Border Pipeline Co. v. 127.79 Acres of Land, 520 F. Supp. 170, 172-173 (D.N.D. 1981). In condemnation actions, federal courts have "the equitable power to grant immediate entry and possession where such relief is essential to the pipeline construction schedule." Tenn. Gas Pipeline Co., 6 F. Supp. at 104; accord USG Pipeline, 1 F. Supp. 2d at 835-26; Northern Border v. 127.79 Acres, 520 F. Supp. at 172-73. Here, Columbia has demonstrated that its revised schedule requires access to the properties by May 1, 2003 for four fundamental reasons. First, Columbia must adhere to its construction schedule in order to meet its contractual obligations under the Project and meet its obligation to its existing customers. **Ex. C** (McCoy Declaration ¶ 13). Second, Columbia must have access to the properties by May 1, 2003 to insure that its construction will be completed by the winter heating season, when demand for natural gas is increased. Id. at ¶ 7. Third, the properties being condemned are spread out sporadically over the length of the replacement. Id. at ¶ 12. Access is required to ensure that an efficient construction process can be utilized. Id. Pipeline construction is most efficient when the contractor can move from property to property without having to skip properties due to lack of access. Id. Skipping properties requires equipment loading and unloading for all phases of the construction process. This equates to additional time and costs for Columbia. Id. Finally, Columbia must complete its construction within one year from the granting of the certificate of public convenience and necessity as required in the Order. **See Ex. F** at p.18. In order for Columbia to maintain is construction schedule, meet its obligations to customers, complete

construction before the winter heating season and within the time allotted by FERC, and conduct construction in a timely and efficient manner, Columbia must begin construction by May 1, 2003. **See Ex. C** at ¶¶ 7, 12-13.

Courts which have granted immediate access have analyzed the issue in terms of entitlement to injunctive relief. See Northwest Pipeline, 197 F. Supp.2d at 1245-1246; Northern Border Pipeline Co. v. 64.111 Acres of Land, 125 F. Supp. 2d 299, 301 (N.D. Ill. 2000). Here, though the access required is not immediate, it is prior to the completion of the condemnation action and immediate possession will be required by May 1, 2003. There is little doubt as to Columbia's likelihood of success on the merits of its condemnation claim. As demonstrated above, Columbia has the power to condemn and has satisfied all elements required by the Natural Gas Act. As in any injunction action, courts considering a motion for immediate access have focused on the potential harms to the pipeline company, the public and the landowners. See Northern Border v. 127.79 Acres, 520 F. Supp. at 172 (granting immediate possession to avoid economic harm to pipeline company and harm to public interest); Tenn. Gas Pipeline Co., 6 F. Supp. 2d at 106 (granting immediate possession to allow pipeline company to meet construction schedule and FERC deadline). Here, Columbia has demonstrated that it will suffer substantial harm if it cannot begin construction by May 1, 2003. It will not be able to comply with the FERC Order or meet its obligations under the Project.

FERC's issuance of a certificate of public convenience and necessity to Columbia is conclusive evidence that the Project, including the replacement of Line 1896, is in the public interest. The Project will provide a new energy source for the region and new jobs. **See Ex. C** (McCoy Declaration ¶ 14). The fact that immediate possession is necessitated to comply with a FERC Order justifies the Court's exercise of its equitable power. See Guardian Pipeline, 210 F. Supp.2d at 978-979; see also, Tennessee Gas Pipeline Co., 6 F. Supp. at 104.

The landowners will not suffer any substantial harm by the grant of immediate possession. In most of the cases in which immediate possession was granted, the pipeline project involved a new pipeline across property which was not previously burdened by a pipeline. See, e.g., USG Pipeline, 1 F. Supp. 2d 816; Northern Border v. 127.79 Acres, 520 F. Supp. 170. Even in such cases, the courts held that the equities favored immediate possession. Here, any perceived harm to the landowners is even less because all of the properties involved in this action are already burdened by pipeline easements (many properties actually already have two high-pressure pipelines). **See Ex. C** (McCoy Declaration ¶ 15). Because the properties already are burdened by high-pressure pipelines, there is little harm in granting immediate access. Under the existing easements, Columbia currently has the right to enter the property to operate and maintain the existing Line 1896. The most significant change caused by the condemnation will be the change in the size of the pipeline.[3] The increase in the size of the pipeline does not increase the burden on the property – the new line will be buried underground in approximately the same location as the old pipeline. Id. In approving the Project, FERC considered and rejected various complaints by landowners and noted that "the replacement pipelines should not affect resale value since two pipelines already exist on the property and Columbia has no plans to add pipelines." **Ex. B** (Order, In Re Columbia Gas Transmission Corp., Docket No. CP01-439-000, 99 FERC ¶ 16,190, p. 25).

Granting Columbia access to replace Line 1896 on May 1, 2003 rather than after just compensation is decided will cause no substantial harm to landowners and will avoid the

---

[3] On the Archbishop properties, the width of the easement has also changed. That issue, however, is relevant only to the determination of just compensation, not as to the issue of immediate possession.

inconvenience of an expedited hearing for the landowners and this Court.[4] Refusing Columbia's motion for access will frustrate a Project deemed by FERC to be a matter of public convenience and necessity, and make it difficult or impossible for Columbia to complete its construction within the one-year period allowed by FERC.

## CONCLUSION

There is no genuine issue of material fact as to Columbia's authority to condemn and gain access to the easements to replace Line 1896. The only real issue is the just compensation due to defendant landowners for those easements. Columbia's Motion for Partial Summary Judgment should be granted.

REED SMITH LLP

Date: _____    _____
                                Thomas J. McGarrigle
                                Pa. I.D. No. 27868

                                2500 One Liberty Place
                                1650 Market Street
                                Philadelphia, PA  19103-7301
                                (215) 851-8220

                                Kevin C. Abbott
                                Pa. I.D. No. 35734
                                Nicolle R. Snyder Bagnell
                                Pa. I.D. No. 87936

---

[4] Columbia is willing to post a bond equal to its estimate of the just compensation due. In cases such as this, the just compensation is measured by the difference in the fair market value of the property with the current easement for the 10-inch pipeline and the fair market value of the property with the condemned easement for the 24-inch pipeline. See Lyons v. United States, 99 F. Supp. 429, 431 (W.D. Pa. 1951). The burden of proving the amount of just compensation is on the landowner. U. S. v. 15.3 Acres of Land, 154 F. Supp. 770, 783 (M.D. Pa. 1957), rev'd on other grounds, U.S. v. Delaware, L. & W. R. Co., 264 F.2d 112 (3rd Cir. 1959).

        435 Sixth Avenue
        Pittsburgh, PA  15219
        (412) 288-3804

        Attorneys for Plaintiff
        Columbia Gas Transmission Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following:

Kevin R. Boyle
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA  19355
Counsel for:  Archbishop of Philadelphia

Jonathan F. Altman
Tupitza, Altman & Bryman, P.C.
212 West Gay Street
West Chester, PA  19380
Counsel for: Harold M. and Roberta E. Harper

Francisco T. Rivas
257 W. Uwchlan Avenue
Suite A
Downingtown, PA  19335
Counsel for: Francisco T. and Kathleen D. Rivas and Robert L.M. and Linda Landenberg


Date: _____        _____

**TABLE OF CONTENTS**

**Page**

FACTS ...................................................................................................................................2

ARGUMENT .........................................................................................................................4

    I.    COLUMBIA IS ENTITLED TO SUMMARY JUDGMENT AS
TO THE HARPERS' ANSWER BECAUSE THE NATURAL GAS
ACT GRANTS COLUMBIA THE LEGAL AUTHORITY TO
CONDEMN THE EASEMENT NECESSARY TO REPLACE LINE
1896 WITH A LARGER PIPELINE ....................................................................4

        A.    Columbia Is a Holder of a Certificate of Public Convenience
and Necessity .............................................................................................6

        B.    The Easement is Necessary for the Proper Operation of
Columbia's Pipelines .................................................................................6

        C.    Columbia Has Been Unable to Obtain the Easement by Contract
or Negotiations ..........................................................................................8

        D.    None of the Defenses Asserted in the Answer Preclude
Partial Summary Judgment .......................................................................9

    II.    COLUMBIA IS ENTITLED TO ACCESS TO THE
CONDEMNED EASEMENTS ...........................................................................10

CONCLUSION ....................................................................................................................14

## TABLE OF AUTHORITIES

**CASE**                                                                                                           **Page**

Gov't of Virgin Islands v. 19.623 Acres of Land, 536 F.2d 566 (3d Cir. 1976) ..........................9

Guardian Pipeline, L.L.C. v. 950.80 Acres of Land,
210 F. Supp. 2d 976 (N.D. Ill. 2002) ..................................................................................11, 12

Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land,
210 F. Supp. 2d 1253 (D. Kan. 2002) ...............................................................................4, 6, 7 8

Lyons v. United States, 99 F. Supp. 429 (W.D. Pa. 1951) ......................................................14

Northern Border Pipeline Co. v. 127.79 Acres of Land,
520 F. Supp. 170 (D. N. D. 1981)..................................................................................11, 12, 13

Northern Border Pipeline Co. v. 64.111 Acres of Land,
125 F. Supp. 2d 299 (N.D Ill. 2000) ........................................................................................12

Northwest Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way Easement,
197 F. Supp. 2d 1241 (E.D. Wash. 2002) ...........................................................................11, 12

Sweeney v. Buffalo Courier Express, 35 F. Supp. 446 (W.D. N.Y. 1940) ...............................10

Tenn. Gas Pipeline Co. v. New England Power, 6 F. Supp. 2d 102 (D. Mass. 1998).......5, 11, 12

Tenn. Gas Pipeline Co. v. 104 Acres of Land, 749 F. Supp. 427 (D. R.I. 1990) ........................7

U.S. v. Delaware, L.&W.R.Co., 264 F.2d 112 (M.D. Pa. 1957) ................................................14

U.S. v. 15.3 Acres of Land, 154 F. Supp. 770 (M.D. Pa. 1957).................................................14

U.S. ex rel. TVA v. 0.08 Acre of Land, 246 F. Supp. 408 (E.D. Tenn. 1965) ...........................10

USG Pipeline Co. v. 1.74 Acres of Land, 1 F. Supp. 2d 816 (E.D. Tenn. 1998) ...................7, 13

Winslow v. Nat'l Electric Products Corp., 5 F.R.D. 126 (W.D. Pa. 1946) ...............................10

**OTHER AUTHORITY**

Advisory Committee Notes to Rule 71A(e)................................................................................

Federal Practice and Procedure § 2048 (2002) ........................................................................ 10

Fed. R. Civ. P. 71A(e)..................................................................................................9, 10, 11

Natural Gas Act 15 U.S.C. §§ 717-717z....................................................................................2

15 U.S.C. § 717f(h)................................................................................................................ 5, 10