| | |
|---|---|
| *TUPITZA, ALTMAN & BRYMAN, P.C.* | Attorneys for Defendants |
| **By: JONATHAN F. ALTMAN, ESQUIRE** | Harold M. Harper, III and |
| PA Attorney I.D. #25679 | Roberta E. Harper |
| 212 West Gay Street | |
| West Chester, PA 19380 | |
| (610) 696-2600 | |

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *COLUMBIA GAS TRANSMISSION CORPORATION,* | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 02-CV-3733 |
| | ) | |
| v. | ) | |
| | ) | |
| *AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES,* | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS, HAROLD M. HARPER, III AND ROBERT E. HARPER, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, Harold M. Harper, III and Robert E. Harper (the "Harpers"), respectfully submit this Memorandum of Law in Support of their Answer to the Motion for Partial Summary Judgment filed by Plaintiff Columbia Gas Transmission Corporation ("Columbia");

### I. **FACTS**

Columbia owns a pipeline easement over property owned by the Harpers for a 10-inch natural gas pipeline along that right-of-way. It is undisputed that the sole rights of Columbia in the proposed path of the new pipeline that pre-existed the instant litigation, arise from a right-of-way agreement dated August 12, 1958. A true copy of the right of way agreement is attached

and marked as *Exhibit "A"* (the "*Right of Way Agreement*"). The right-of-way states that the right granted to the grantee is to "construct a 10-inch or smaller" gas transmission pipeline "… and to operate, maintain, replace and finally remove said lines.…" The right of way on its face is an easement for "a 10-inch or smaller pipeline…." The right of way by its terms does not grant any wider right-of-way.

On May 17, 2002, the Federal Energy Regulatory Commission ("FERC") issued an Order granting Columbia a certificate of public convenience and necessity under the Natural Gas Act, 15 U.S.C. § 717z, approving Columbia's proposed plan to replace a portion of Line 1896 with a larger pipeline. Pursuant to its FERC certificate, Columbia intends to remove the existing 10-inch pipeline and replace it with a 24-inch pipeline along the same right-of-way. Throughout the course of this litigation, Columbia has taken the position that the replacement of the existing 10-inch gas transmission pipeline that is located on the Harpers' property with a 24-inch gas transmission pipeline will have no impact on the fair market value of the property because the new pipeline is replacing an existing pipeline and will be buried underground in essentially the same location as the existing pipeline. Although Columbia characterizes the instant motion as Motion for "Partial" Summary Judgment, it is impossible to completely separate the factual issues that the Harpers' contend exist from questions of fair compensation.

The original right-of-way agreement granted to Manufacturer's Light and Heat Company <u>the right to construct a 10-inch or smaller pipeline</u>. Assuming that Columbia presently owns the rights that once belonged to Manufacturer's Light and Heat Company, at no time did Manufacturer's Light and Heat Company or Columbia, ever clear trees and underlying vegetation in or on any part of the existing right-of-way on the Harpers' property. *See Exhibit "B" [Deposition of Harold M. Harper III, page 27]*. Columbia now proposes to install a new

24-inch line resulting in a new taking and has stated it intends to clear the width of the permanent right-of-way and the width of the (perpetual) construction right-of-way. The Harpers have numerous trees in the affected area. *See Exhibit "B" [Deposition of Harold M. Harper III, pages 48-49]*.

According to the Order of FERC, dated May 17, 2002, "Columbia claims a 50 foot wide right of way for Line 1896 …." [*See Plaintiff's Exhibit "B", Materials Submitted in Support of Plantiff Columbia Gas Transmission Corporation's Motion for Partial Summary Judgment (copy of Order dated May 17, 2002, page 25].* The Order contains no statements that affirm the position that Columbia has had a 50 foot right of way pursuant to the Right of Way Agreement. Columbia has not supported its position that it is entitled to remove all trees from the Harpers' over such as area. At his deposition of January 9, 2003, under cross examination by Columbia's counsel, Defendant Harold M. Harper III testified that Columbia's employees admitted that Columbia intends to create a 50-foot wide bear earth swath across the Harpers' property *See Exhibit "B" [Deposition of Harold M. Harper III, pages 9-10]*.

Over a 30-year period, Columbia never advised the Harpers that trees on their property interfered with its ability to inspect the pipeline. *See Exhibit "B" [Deposition of Harold M. Harper III, pages 35]*. That fact creates a genuine issue of material fact as to whether Columbia has a right to a 50-foot wide "bear earth" area. Columbia's stated intent is to remove all trees in the "permanent right of way area for Line 1896, *See Exhibit "B" [Deposition of Harold M. Harper III, pages 60-61]*, but the record leaves open as a factual issue, whether the permanent right of way area always was 50 feet wide. In actuality, Columbia is condemning a 50 wide section of the Harpers' property, because the original Right of Way of Agreement did not grant such a right of way.

The County Health Department has issued a letter addressing the fact that Columbia must obtain a permit before opening a trench across the yard where the trench could possibly cut into a septic drainage field. ***See Exhibit "C" [copy of letter dated August 21, 2002 from Eric Leskowich, Environmental Health Specialist for the County of Chester, Pennsylvania to Jonathan F. Altman Esquire.]***.  If the trench intercepts the septic drainage field, according to the County Board of Health, it cannot be repaired or replaced in the same location. There is no alternate location on the property for a new, replacement septic drainage field where the required 100 feet from on-site wells can be accomplished.  This creates a genuine issue of material fact as to whether Columbia is taking the entire property, not just an easement.

Although Columbia characterizes this action an action to replace the 10-inch pipeline that is authorized by the right of way agreement, with a 24-inch pipeline, Columbia recently has stated that it has two existing pipelines the cross the Harpers' property. ***See Exhibit "B" [Deposition of Harold M. Harper III, page 6]***.  The record in this case explains the presence of one of the two pipelines, which is authorized by the Right of Way Agreement [***Exhibit "A" hereto***].  Nothing in the record explains the origin of the second pipeline.  The right of any agreement provided only for a single gas pipe-line of ten inches in diameter.

Columbia, at page seven of its Memorandum of Law in Support of Motion for Partial Summary Judgment points out that the Federal Energy Regulatory Commission ("FERC") has "noted that" the replacement pipe-lines should not affect resale value since two pipe-lines already exist on the property and Columbia has no plans to add pipelines."  **[See Plaintiff Columbia Gas Transmission Corporation's Memorandum of Law in Support of Motion for Partial Summary Judgment, page 11 (hereinafter cited as Columbia's Memo of Law)].** Plaintiff Columbia Gas Transmission Corporation ("Columbia") also states that "…the old

easement agreements with the Defendants in this action specified a 10-inch pipe-line…." **[See Columbia's Memo of Law, pages 2-3].** Columbia's statement is corroborated by the easement itself, which specifies a single 10-inch pipe-line. See *Exhibit "A" [easement agreement].*

## II. ARGUMENT

### A. Standards for Granting of Summary Judgment

In order to obtain a summary judgment, the proponent of the motion has the initial burden of identifying evidence, from the sources enumerated in Rule 56, which demonstrates the absence of a genuine issue of material fact. *See Berrios v. City of Lancaster*, 798 F.Supp. 1153, 1156 (1992). In addition, the Court must be satisfied that the moving party is entitled to judgment as a matter of law. *Berrios v. City of Lancaster*, *supra*, 798 F.Supp. at 1156-1157 (1992).

### B. A Genuine Issue of Material Fact Exists as to Whether the Columbia is Newly Taking a 50-Foot Wide Section of the Harpers' Property

Under the Fifth Amendment, if the federal government takes private property for public use, it must pay "just compensation" to the property owner. *Berrios v. City of Lancaster*, 798 F.Supp. 1153, 1157 (E.D.Pa. 1992). What constitutes a property interest is defined by state law. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Government action may amount to a compensable taking of property "if its effects are so complete as to deprive the owner of all or most of his interest in the subject matter", even if the government does not acquire title to or occupy the property. *U.S. v. General Motors Corp.*, 323 U.S. 373, 378, 65 S.Ct. 357, 360 (1945)). Under the Fifth Amendment, if the federal government takes private property for public use, it must pay "just compensation" to the property owner. *See*

***Berrios v. City of Lancaster***, 798 F.Supp. 1153, 1157 (E.D.Pa. 1992). Activity that substantially interferes with use and enjoyment constitutes a taking. ***See Griggs v. Allegheny County, Pa***. 369 U.S. 84, 86-90, 82 S.Ct. 531, 532-534 (1962) (where noise from airplanes landing and taking off made a home located off end of runway unbearable for residential use, there was a "taking" of an air easement over the property).

As a prerequisite to instituting a condemnation action, a condemnor must show an inability to agree on a price with the landowner, and that it had attempted good faith negotiations with the landowner. ***National Fuel Gas SUDDIV v 135 Acres of Land***, 84 F.Supp.2d 409, 416. Section 7(h) of the Natural Gas Act, by authorizing a condemnation action when the holder of the certificate of public convenience is unable to acquire by contract, or is unable to agree with the owner of property to the compensation to be paid, pre-supposes that the certificate holder will negotiate the taking of a pipeline easement and the compensation to be paid. Columbia in formulating its offer assumed that the pre-existing easement gave it the right to tell the Harpers' how to use a 50-foot wide area of their property. Columbia has not established that the existing Right of Way Agreement gives it rights of this magnitude.

Columbia has not established that all of the trees are located where their roots can come in contact with Columbia's pipeline. Defendant Harold M. Harper III has testified that the roots cannot interfere with the pipeline. ***See Exhibit "B" [Deposition of Harold M. Harper III, pages 62-63]***. Columbia's certificate of convenience is not a license to unnecessarily destroy improvements. At stake is the unnecessary removal of seven, valuable, 30-year old trees in the Harpers' front and side yards. ***[Deposition of Harold M. Harper III, pages, 48-49, 59-60]***.

The record and Columbia's Certificate of Convenience do not prove as a matter of law that Columbia should be permitted to cut a 50-foot swath through a residential development in

accordance with a 'bare-earth' policy. If the presence of the trees and shrubs has really interfered with the operation of the gas line, then the natural inference is that Columbia would naturally have been in communication with these homeowners and advised them to remove these improvements. The Harpers are entitled to the benefit of this inference for purposes of Columbia's Motion for Partial Summary Judgment.

### III.   CONCLUSION

The Harpers have demonstrated that genuine issues of material of fact preclude this Honorable Court from granting Columbia's Motion for Partial Summary Judgment. The Right of Way Agreement did not give Columbia a right to clear trees over a 50 foot wide area of the property. The Harper's respectfully request that the court deny the Motion and that the Court grant such other or further relief as it deems just.

*TUPITZA, ALTMAN & BRYMAN, P.C.*

Date: April 1, 2003   By:   _____
JONATHAN F. ALTMAN, ESQUIRE
Attorney for Defendants Harold M. Harper, III
and Robert E. Harper

**Tupitza, Altman & Bryman, P.C.**       **Attorneys for Defendants**
**By Jonathan F. Altman, Esquire**        **Harold M. Harper, III and**
**PA Attorney I.D. #25679**                **Roberta E. Harper**
**212 West Gay Street**
**West Chester, PA 19380**
**(610) 696-2600**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *COLUMBIA GAS TRANSMISSION CORPORATION,* )<br>)<br>)<br>Plaintiff,                              )<br>)<br>v.                                              )<br>)<br>*AN EASEMENT TO CONSTRUCT, OPERATE AND* )<br>*MAINTAIN A 24-INCH GAS TRANSMISSION*    )<br>*PIPELINE ACROSS PROPERTIES IN CHESTER*  )<br>*COUNTY, PENNSYLVANIA, OWNED BY JAY PAR* )<br>*AND PAR ANBIL, et al. and UNKNOWN PERSONS* )<br>*AND INTERESTED PARTIES,*                )<br>)<br>Defendants.                                 )<br>) | C.A. No. 02-CV-3733 |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the **DEFENDANTS, HAROLD M. HARPER, III AND ROBERT E. HARPER, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT** was sent to the following via First Class Mail on the date set forth below:

Thomas J. McGarrigle, Esquire          Kevin C. Abbott, Esquire
REED SMITH, LLP                         REED SMITH, LLP
2500 One Liberty Place                  435 Sixth Avenue
1650 Market Street                      Pittsburgh, PA 15219
Philadelphia, PA 19103-7301

                                        TUPITZA, ALTMAN & BRYMAN, P.C.


Date:  April 1, 2003                    By:_____
                                        JONATHAN F. ALTMAN, ESQUIRE
                                        Attorney for Defendants Harold M. Harper, III
                                        and Robert E. Harper