IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) AN EASEMENT TO CONSTRUCT, ) OPERATE AND MAINTAIN A 24-INCH ) GAS TRANSMISSION PIPELINE ACROSS ) PROPERTIES IN CHESTER COUNTY, ) PENNSYLVANIA, OWNED BY JAY PAR ) AND PAR ANBIL, et al. and UNKNOWN ) PERSONS AND INTERESTED PARTIES, ) ) Defendants. ) | C.A. No. 02-CV-3733 |

**PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATION'S
SUPPLEMENT TO ITS REQUEST FOR HEARING ON MOTION FOR PARTIAL
SUMMARY JUDGMENT AND IMMEDIATE ACCESS**

       The plaintiff, Columbia Gas Transmission Corporation ("Columbia") renews its request for a hearing on its Motion for Partial Summary Judgment and supplements its prior Request for Hearing on its Motion for Partial Summary Judgment and Immediate Access as follows:

       1.    On March 4, 2003, Columbia filed its motion seeking summary judgment as to the Answer filed by Harold M. Harper, III and Roberta E. Harper (the "Harpers"). The Harpers contested Columbia's legal authority to condemn the right to replace the existing 10-inch gas transmission pipeline on the Harpers' property with a new 24-inch pipeline. The Harpers are the only remaining defendants in this action who contested Columbia's authority to condemn.

       2.    In addition, Columbia also moved for immediate access to all of the properties in order to meet its construction schedule and its obligations under the certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission (the

"FERC").  The work needs to be completed prior to September 1, 2003, the in-service date for this pipeline, in order to have the pipeline in operation for the heating season, for Columbia to meet its contractual obligations, and to have the project completed by the FERC deadline.  The Harpers are the only remaining defendants in this action who contested Columbia's motion for access.

3. On May 12, 2003, Columbia filed a Request for Hearing because of the need to gain access to the Harpers' property in order to complete the project this summer.

4. Since Columbia's original Request for a Hearing, construction on this project, which includes the replacement of a 10" natural gas pipeline with a 24" pipeline, has begun.

5. Because of the access issue on the Harper property, construction in the entire neighborhood is being delayed and a public inconvenience has been created.

6. Specifically, construction on the residential properties located on either side of the Harper property has already commenced but, due to the fact that each segment of the pipeline must be linked to the portions of the pipeline on the adjacent properties, the construction on these properties cannot be finalized until after construction on the Harper property has taken place.  Until Columbia gains access to the Harper property, it cannot complete the restoration work on the neighbors' properties.

7. Further, until construction on the Harper property is completed, it will be necessary for Columbia's construction equipment and personnel to be present or return to the Harper's neighborhood.  As soon as the construction on the Harper's property is complete, all construction in this neighborhood will be complete and all equipment can be removed.

8. Finally, construction of the pipeline under the two roads on either side of the Harper property cannot be completed because, as discussed above, the nature of the project

requires linking the portions of the pipeline on these properties with those on the Harper property.

9. Delays in construction will subject Columbia to substantial delay costs imposed by its contractors.

10. Columbia is entitled to access for the reasons stated in its Memorandum of Law in Support of Motion for Summary Judgment at p. 10-14 and its Reply Memorandum at p. 8-9. The primary question for the Court to answer is whether any party will be harmed by delaying construction of the new pipeline until after just compensation is decided. The record before the Court clearly demonstrates that the public will be harmed because: (a) FERC has already decided that it is a matter of public convenience and necessity for this project to be completed in a timely manner; (b) the public will be deprived of the energy to be produced as a result of the project; and (c) the Harpers' neighbors cannot have their properties restored until Columbia gets access to the Harpers' property. Columbia will be harmed because: (a) it will not be able to meet its customer's in-service date of September 1, 2003; (b) it will not be able to meet the deadline imposed by FERC; and (c) it will be subjected to additional construction costs. Columbia's customer will be harmed because it will not be able to meet its service commitments. The Harpers, on the other hand, will suffer no harm from having the work done now as opposed to having it done after just compensation is decided. They will retain the right to receive just compensation and Columbia is willing to post a bond until just compensation is awarded. In short, this is a case where one landowner is frustrating a major pipeline project authorized by FERC in order to gain leverage. Avoiding such a situation is exactly why Congress gave condemnation power to pipeline companies and why courts have routinely granted immediate access to condemned properties before just compensation is awarded.

11. The Harpers have suggested holding the settlement conference on June 24, 2003. Columbia requests that the hearing on its motion be set for the same day as the settlement

conference requested by the Harpers so that the access issue may be resolved on that day even if the settlement conference is not successful.  The hearing should take 2 hours or less.

      WHEREFORE, Columbia requests that the Court schedule a hearing on the same date as the settlement conference requested by the Harpers on its Motion for Partial Summary Judgment and Immediate Access to the Harpers' Property.

REED SMITH LLP

Date: _____

_____
Kevin C. Abbott
Pa. I.D. No. 35734
Nicolle R. Snyder Bagnell
Pa. I.D. No. 87936

435 Sixth Avenue
Pittsburgh, PA  15219
(412) 288-3804

Attorneys for Plaintiff
Columbia Gas Transmission Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 02-CV-3733 |
| v. | ) ) ) | |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

Upon consideration of Plaintiff Columbia Gas Transmission Corporation's Supplemental Request for Hearing on Motion for Partial Summary Judgment and Immediate Access, it is hereby ordered that a hearing on Columbia's Motion for Partial Summary Judgment will take place on June _____, 2003 at _____ __.m.

Dated: _____            _____
                                                                                                  U.S. District Judge

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff Columbia Gas Transmission Corporation's Request for Hearing on Motion for Partial Summary Judgment and Immediate Access has been served by first class mail to the following:

Kevin R. Boyle
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA  19355
Counsel for:  Archbishop of Philadelphia

Jonathan F. Altman
Tupitza, Altman & Bryman, P.C.
212 West Gay Street
West Chester, PA  19380
Counsel for: Harold M. and Roberta E. Harper

Francisco T. Rivas
257 W. Uwchlan Avenue
Suite A
Downingtown, PA  19335
Counsel for: Francisco T. and Kathleen D. Rivas and Robert L.M. and Linda Landenberg


Date: _____            _____