IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | : : : |
| Plaintiff, | : : C.A. No. 02-CV-3733 |
| v. | : : : |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | : : : : : : : : |
| Defendants. | : : |

**ANSWER OF DEFENDANTS', HAROLD M. HARPER, III AND ROBERTA E. HARPER, TO PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATION'S SUPPLEMENT TO ITS REQUEST FOR HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT AND IMMEDIATE ACCESS**

*NOW COME*, Defendants Harold M .Harper, III and Roberta E. Harper, by and through their undersigned counsel, and in answer to Plaintiff Columbia Gas Transmission Corporation's Supplement to its Request for Hearing on Motion for Partial Summary Judgment and Immediate Access, state as follows:

1. Admitted.

2. Admitted in part and denied in part. Defendants Harold M. Harper, III and Roberta E. Harper (hereinafter the "Harper Defendants") admit that Plaintiff Columbia Gas Transmission Corporation (hereafter referred to as "Columbia") on March 4, 2003 moved for "Immediate Access" to the residential property of the Harper Defendants. The Harper Defendants, after a reasonable investigation, are

      without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

3. Admitted in part and denied in part. It is admitted that on May 12, 2003, Columbia filed a Request for Hearing. It is denied that the filing of the Motion was necessary as the Harper Defendants offered to allow access, if Columbia agreed to remain within the confines of its easement and to employ the boring method of construction that it outlined in its letter dated April 9, 2002 to the Federal Energy Regulatory Commission. *See* **Exhibit "I" to Materials Submittted in Support of Plaintiff Columbia Gas Transmission Corporation's Motion for Partial Summary Judgment**[1]. Now it appears that Columbia has abandoned this commitment. The damages phase of this litigation will be too late a point in time to address the question of boring versus trenching. The Harper Defendants, based upon information and belief, allege that Columbia has employed the method of boring in locations along the pipeline that are nearby the Harper Defendants' property, which belies Columbia's protestations that this method is unavailable with respect to the Harpers' property. Columbia has made the absurd suggestion that the present condition of the sewage facility should somehow be recreated to one that would be ineligible for a permit or non-functional. In making this suggestion, Columbia fails to recognize that the Harper Defendants presently are in lawful possession of their property with a functional sewage facility. The Harper Defendants will testify that the placement of stakes

---

[1] For the convenience of the Court, a duplicate copy of Exhibit "I" to attached and marked as Exhibit "A" to this Answer.

by Columbia indicates that they are intending to do their work upon the Harper Defendants' property that goes beyond the confines of the easement for a 24-inch pipeline for which Columbia has filed its Complaint in this action. Columbia having staked out areas that are far removed from the location where the easement crosses the property.  It is undisputed that the sole rights of Columbia in the proposed path of the new pipeline that pre-existed the instant litigation arise from a right-of-way agreement dated August 12, 1958. (the "Right of Way Agreement")[2]. The Right-of-Way Agreement states that the right granted to the grantee is to "construct a 10-inch or smaller" gas transmission pipeline "… and to operate, maintain, replace and finally remove said lines.…"  The right of way on its face is an easement for "a 10-inch or smaller pipeline…."  Section 7(h) of the Natural Gas Act, by authorizing a condemnation action when the holder of the certificate of public convenience is unable to acquire by contract, or is unable to agree with the owner of property to the compensation to be paid, pre-supposes that the certificate holder will negotiate the taking of a pipeline easement and the compensation to be paid.  Columbia in formulating its offer assumed that the pre-existing easement gave it the right to tell the Harpers' how to use a 50-foot bare-Earth swath across the Harper Defendants' property, when Columbia in all of the years failed to and never attempted to clear this area or asked the Harper Defendants to do so.  Columbia has not established as a matter of law that the existing Right of Way Agreement gives it rights of this magnitude.

---

[2] A true copy of the right of way agreement is attached and marked as Exhibit "A" to the Harper Defendants' Answer to Columbia's Motion for Summary Judgment.

4. Denied. After reasonable investigation, the Harper Defendants are without knowledge sufficient to form a belief as to the truth of this averment.

5. Denied. After reasonable investigation, the Harper Defendants are without knowledge sufficient to form a belief as to the truth of this averment.

By way of further response, the Harper Defendants incorporate by reference the text of paragraph 3 of this Answer as though same were set forth herein at length.

6. Denied. After reasonable investigation, the Harper Defendants are without knowledge sufficient to form a belief as to the truth of this averment.

7. Denied. After reasonable investigation, the Harper Defendants are without knowledge sufficient to form a belief as to the truth of this averment.

By way of further response, the Harper Defendants incorporates by reference the text of paragraph 3 of this Answer as though same were set forth herein at length.

8. Denied. After reasonable investigation, the Harper Defendants are without knowledge sufficient to form a belief as to the truth of this averment.

By way of further response, the Harper Defendants incorporates by reference the text of paragraph 3 of this Answer as though same were set forth herein at length.

9. Denied. After reasonable investigation, the Harper Defendants are without knowledge sufficient to form a belief as to the truth of this averment.

        By way of further response, the Harper Defendants incorporates by reference the text of paragraph 3 of this Answer as though same were set forth herein at length.

10.    Denied. Columbia's Memorandum of Law in Support of Motion for Summary Judgment and its Reply Memorandum speak for themselves. The remaining allegations of this paragraph are conclusions of law to which no response by Harper Defendants is required.

        By way of further response, the Harper Defendants incorporates by reference paragraphs 3 and 5 of this Answer as though same were set forth herein at length.

11.    Admitted.

*WHEREFORE*, for the reasons stated above and in the accompanying materials submitted in Opposition and Memorandum of Law, the Harpers respectfully request that this Honorable Court deny Columbia's Motion for Partial Summary Judgment and Immediate Access.

                                    ***TUPITZA, ALTMAN & BRYMAN, P.C.***

Date: June 24, 2003        By: _____
                                        JONATHAN F. ALTMAN, ESQUIRE
                                        Attorney for Defendants
                                            Harold M. Harper, III and
                                            Roberta E. Harper

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 02-CV-3733 |
| v. | ) ) ) | |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY JAY PAR AND PAR ANBIL, et al. and UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PROOF OF SERVICE

I hereby certify I am this date serving a copy of the Answer of Defendants', Harold M. Harper, III And Roberta E. Harper, to Plaintiff Columbia Gas Transmission Corporation's Supplement to Its Request for Hearing on Motion for Partial Summary Judgment and Immediate Access upon the following persons in the manner indicated below.

Service by First Class Mail addressed as follows:

Thomas J. McGarrigle, Esquire
REED SMITH, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301

Kevin C. Abbott, Esquire
REED SMITH, LLP
435 Sixth Avenue
Pittsburgh, PA 15219

DATED: June 24, 2003

***TUPITZA, ALTMAN & BRYMAN, P.C.***

By: _____
JONATHAN F. ALTMAN, ESQUIRE
Attorney for Defendants
Harold M. Harper, III and
Roberta E. Harper