IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COLUMBIA GAS TRANSMISSION CORPORATION** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 02-CV-3733 |
| | : | |
| **AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN CHESTER COUNTY, PENNSYLVANIA, OWNED BY ARCHBISHOP OF PHILADELPHIA AND HAROLD M. and ROBERTA E. HARPER** | : | |

### SCHEDULING ORDER

AND NOW, this 31st day of July, 2003, following a telephone conference, it is **ORDERED** as follows:

1. All fact discovery is **CLOSED**. Expert discovery shall be completed no later than **September 5, 2003**.

2. On or before **September 5, 2003**, counsel for each party shall serve upon counsel for every other party:

(a) the original or a copy of each exhibit they expect to offer at trial in furtherance of their respective contentions. Each party shall mark its trial exhibits with consecutive numbers appropriately prefixed with an identifying letter of counsel's choice;

(b) curriculum vitae for each expert witness expected to testify; and

(c) a specific identification of each discovery item expected to be offered into evidence.

3. All motions *in limine* shall be filed no later than **September 5, 2003**; responses to any such motions shall be filed within five (5) days.

4. All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as follows:

        Plaintiffs - on or before **September 5, 2003**.

        Defendants - on or before **September 10, 2003**.

In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include in or attach to their pretrial memoranda the following:

(a) a listing of the identity of each expert witness to be called at trial by the party;

(b) a curriculum vitae for each expert witness listed;

(c) a listing of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

(d) an itemized statement of claimant's damages or other relief sought;

(e) a statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

The pretrial memoranda shall be filed with the Clerk of the Court and two (2) copies shall be delivered to the Court.

5. A final pretrial conference will be held on **September 16, 2003, at 4:00 p.m.** in Chambers (Room 4006). Counsel shall be prepared to discuss any pending motions in limine, and objections to witnesses and exhibits.

6. At the final pretrial conference, the parties shall provide the Court with one copy of each exhibit and three copies of a schedule of exhibits which shall briefly describe each exhibit. At the trial, the parties shall provide the Court with two copies of each exhibit. Exhibits shall be arranged and tabbed in a ring binder.

7. No later than **September 19, 2003**, the parties shall file a complete and comprehensive stipulation of uncontested facts pursuant to Local Rule of Civil Procedure 16.1(d)(2)(b)(2). The original shall be filed with the Clerk of the Court, and two (2) copies shall be submitted to the Court at Chambers.

8. No later than **September 19, 2003**, the parties shall file in writing with the Clerk of Court joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. Each party also shall file proposed jury instructions, verdict forms or special interrogatories on those issues not agreed upon by the parties in their joint submission. Jury instructions shall be submitted each on a separate sheet of paper, double spaced, with accurate quotes from and citations to cases and pattern jury instructions where appropriate. The parties shall also provide to the Court at Chambers proposed jury instructions on a computer diskette in WordPerfect 9.0 for Windows format.

9. This case will be listed for trial on **September 29, 2003 at 10:00 a.m. in Courtroom 15B**. Counsel and all parties shall be prepared to commence trial on that date.

10. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications of an expert witness expected to testify; (c) the admissibility for any reason other than relevancy of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall set forth separately each such objection, clearly and

concisely, in their pretrial memorandum. Such objection shall describe <u>with particularity</u> the ground and the authority for the objection. The Court can be expected to overrule any objection offered at trial in respect to any matter covered by this paragraph if the Court concludes that the objection should have been made as required by this Order.

    11.    Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered by the Court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court, or by Order of Court so as to avoid manifest injustice.

    12.    Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, five (5) business days prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition pages and on a separate list setting forth the page and line numbers of each objection with the grounds for the objection.

_____                       _____
                                                  TIMOTHY J. SAVAGE,  J.